**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 15-cv-22692-Ungaro/Otazo-Reyes**

PEOPLE FOR THE ETHICAL TREATMENT OF
ANIMALS, INC.,
    501 Front St.
    Norfolk, VA 23510,

ANIMAL LEGAL DEFENSE FUND,
    170 East Cotati Ave.
    Cotati, CA 94931,

HOWARD GARRETT, and ORCA NETWORK,
    485 Labella Vista Way
    Freeland, WA 98249,

            Plaintiffs,

            v.

MIAMI SEAQUARIUM,
    4400 Rickenbacker Cswy.
    Miami, FL 33149,

FESTIVAL FUN PARKS, LLC, D/B/A PALACE
ENTERTAINMENT,
    4590 MacArthur Blvd., Ste. 400
    Newport Beach, CA 92660,

            Defendants.

**PLAINTIFFS' NOTICE OF FILING
UNSEALED EXHIBITS TO HAWKS' DECLARATION IN
SUPPORT OF PLAINTIFFS' MOTION TO COMPEL (DE 68-1)**

Plaintiffs, through undersigned counsel and pursuant to this Court's order

granting Plaintiffs' Motion to Seal (DE 76), hereby file Exhibits A, B, I, J and K to Caitlin

Hawks' Declaration in Support of Plaintiffs' Motion to Compel Production of Unredacted

Documents Responsive to Plaintiffs' First and Second Sets of Requests for Production
to Defendant (DE 68-1).

Respectfully submitted,

By: ___s/ Scott A. Hiaasen_____
    Scott A. Hiaasen, FBN 103318
    shiaasen@coffeyburlington.com
    Paul J. Schwiep, FBN 823244
    pschwiep@coffeyburlington.com
    Coffey Burlington, P.L.
    2601 South Bayshore Drive, PH
    Miami, Florida  33133
    Telephone:   (305) 858-2900
    Facsimile:   (305) 858-5261
    **Secondary:** yvb@coffeyburlington.com
    **Tertiary:**    service@coffeyburlington.com

    /s/ Jared Goodman_____
    Jared Goodman (admitted *pro hac vice*)
    PETA Foundation
    1536 16th St. NW
    Washington, DC 20036
    Telephone:   (202) 540-2204
    Facsimile:   (202) 540-2208
    JaredG@petaf.org

    /s/ Matthew Strugar_____
    Matthew Strugar (admitted *pro hac vice*)
    PETA Foundation
    2154 W. Sunset Blvd.
    Los Angeles, CA 90026
    Telephone:   (323) 210-2263
    Facsimile:   (202) 540-2208
    MatthewS@petaf.org

    *Attorneys for Plaintiffs*

Case No. 15-cv-22692-Ungaro/Otazo-Reyes

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 3, 2016, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the Service List below via transmission of Notice of Electronic Filing generated by CM/ECF.

_____ s/ Scott A. Hiaasen_____

## Service List

| | |
|---|---|
| **Jennifer B. Moore, Esq.**<br>moorej@gtlaw.com<br>   *(admitted pro hac vice)*<br>GREENBERG TRAURIG, P.A.<br>Terminus 200<br>3333 Piedmont Road NE<br>Atlanta, Georgia  30305<br>Telephone:   (678) 553-2100<br><br>*Counsel for Defendants* | **James H. Lister, Esq.**<br>jlister@dc.bhb.com<br>   *(admitted pro hac vice)*<br>BIRCH HORTON BITTNER &<br>   CHEROT, PC<br>Suite 1020<br>1156 Fifteenth Street, NW<br>Washington, D.C.  20005<br>Telephone:   (202) 659-5800<br><br>*Counsel for Defendants* |
| **Michael G. Murphy, Esq.**<br>murphymg@gtlaw.com<br>GREENBERG TRAURIG, P.A.<br>450 South Orange Avenue, Suite 650<br>Orlando, Florida  32801<br>Telephone:   (407) 420-1000<br><br>*Counsel for Defendants* | **Evelyn A. Cobos, Esq.**<br>cobose@gtlaw.com<br>**Mark S. Salky, Esq.**<br>Salkym@gtlaw.com<br>GREENBERG TRAURIG, P.A.<br>333 Southeast 2nd Avenue, Suite 4400<br>Miami, Florida  33131<br>Telephone:   (305) 579-0500<br><br>*Counsel for Defendants* |

| | |
|---|---|
| **William A. Earnhart, Esq.**<br>wearnhart@bhb.com<br>  *(admitted pro hac vice)*<br>BIRCH HORTON BITTNER &<br>  CHEROT, PC<br>1127 West 7th Avenue<br>Anchorage, Alaska  99501<br>Telephone:   (907) 263-7285<br><br>*Counsel for Defendants* | |

# Exhibit A

**to**

**Caitlin Hawks' Declaration in Support of Motion to Compel Production of Unredacted Documents Responsive to Plaintiffs' First and Second Sets of Requests for Production to Defendant**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 15-cv-22692-Ungaro/Otazo-Reyes

PEOPLE FOR THE ETHICAL TREATMENT OF
ANIMALS, INC.,
    501 Front St.
    Norfolk, VA 23510,

ANIMAL LEGAL DEFENSE FUND,
    170 East Cotati Ave.
    Cotati, CA 94931,

HOWARD GARRETT, and ORCA NETWORK,
    485 Labella Vista Way
    Freeland, WA 98249,

          Plaintiffs,

          v.

MIAMI SEAQUARIUM,
    4400 Rickenbacker Cswy.
    Miami, FL 33149,

FESTIVAL FUN PARKS, LLC, D/B/A PALACE
ENTERTAINMENT,
    4590 MacArthur Blvd., Ste. 400
    Newport Beach, CA 92660,

          Defendants.

## PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION

      Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs, through undersigned counsel, hereby propound the following requests for production upon Defendant and request that Defendant produce for inspection and copying the documents and things requested below no later than 30 days from the date of service of these Requests (as defined below), at the law offices of Coffey Burlington, P.L., c/o Paul J. Schwiep, 2601 South Bayshore Drive, PH, Miami, Florida 33133.

### Definitions

The following are defined terms, whether or not capitalized in the text:

1.    "Defendant" refers to Miami Seaquarium and Festival Fun Parks, LLC, d/b/a Palace Entertainment, their employees, representatives, agents, servants and any other person or entity acting or purporting to act on its behalf or under its control.

2.    "Answer" refers to Defendant's Amended Answer in this action.

3.    "Affirmative Defenses" refers to the Affirmative Defenses interposed by Defendant.

4.    The term "Lolita" shall refer to the sole orca kept on the grounds of Defendant's property at Virginia Key, Miami-Dade County, Florida.

5.    The term "NMFS" shall mean the National Marine Fisheries Service, its headquarters, regional offices and field offices, and all employees, independent contractors and consultants of that agency.

6.    The term "tank" shall refer to the pen or enclosure in which Lolita is housed on Defendant's property.

7.    "You" or "your" or "yours" refers to the party(ies) responding to this request and as indicated by the context of each particular paragraph of this request.

8.    The term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units herein, and shall include, but not be limited to, public or private corporations, partnerships, joint ventures, voluntary or unincorporated associations, organizations, proprietorships, trusts, estates, governmental agencies, commissions, bureaus, or department, and the agents, servants, and employees of same.

9.    ""Related to" or "pertaining to" shall mean directly or indirectly refer to, reflect, constitute, describe, pertain to, arise out of or in connection with, or in any way legally, logically, or factually be connected with the matter discussed.

10.    The term "document" or "writing" means all written, typed, or printed documents and tangible things and all magnetic, electronic, or other recording or documentation of any kind in your possession, custody, or control, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of this arbitration. The term "document" includes, without limitation, books, papers, records,

letters, notes, schedules, tabulations, vouchers, accounts, statements, financial statements, balance sheets, income or revenue statements, debt summaries, profit-and-loss statements, spreadsheets, data bases, affidavits, memoranda, records, communications, electronic mail ("e-mail"), text messages, minutes, reports, abstracts, agreements, contracts, calendars, drafts, drawings, photographs, blueprints, slides, sketches, video recordings, audio recordings (including voicemails), charts, graphs and similar items, including originals, copies, or reproductions of any kind, and shall also include any kind of transcript, transaction, or recording of any audio or visual presentation or communication of any kind. The term "documents" shall further include other data compilations or electronically stored information of any kind, including data or information that can be obtained or translated through detection devices or other means into any reasonably useable or readable format.

11.   **Electronically-Stored Information" or "ESI"** means all documents that are stored in any electronic medium from which information can be obtained.

12.   <u>**Special Instructions for Data Stored or Maintained in Electronic, Electromagnetic, Photographic, Digital, or Mechanical Form:**</u> These requests cover all documents, including electronically-stored information (ESI), in, or subject to, your possession, custody, or control, including, but not limited to, all documents (including ESI) that you have the ability to obtain, that are responsive, in whole or in part, to these requests. Our client is prepared to discuss the terms of production of ESI. In the absence of an agreement, ESI should be produced in the following form: (1) all documents should be produced as Type IV single page tiff files and name each tiff file with the Bates number labeled on the corresponding page; (2) documents should not be divided across folder directories and an image load file (e.g., .LFP file) that defines all document page breaks should be provided; (3) the extracted full text from the body of each document should be produced as a .txt file, and for each document scanned from hardcopy or containing redactions, the OCR should also be produced as a .txt file. Our client specifically requests that you produce a separate .txt file for each electronic or scanned document and that you name each .txt file with the Bates number labeled on the first page of each corresponding document (e.g., BATES0000001.txt). Our client further requests that you produce in the form of a .dat file extracted metadata for each

of the following metadata fields for each electronic document:

     1.    BEGBATES — The Bates label of the first page of the document;

     2.    ENDBATES — The Bates label of the last page of the document ;

     3.    BEGATTACH — The Bates label of the first page of the parent document in a family of documents;

     4.    ENDATTACH — The Bates label of the last page of the last child document in a family of documents;

     5.    TITLE — Subject of e-mail or title of document;

     6.    DOCDATE — Document last modified date or e-mail sent date;

     7.    TIMESENT — The time an email was sent;

     8.    DOCTYPE — Document type;

     9.    RECORD TYPE — e-Mail, attachment, e-doc;

     10.    FILE EXTENSION — File extension;

     11.    FILE NAME — Name of electronic file;

     12.    PAGE COUNT — Number of pages;

     13.    AUTHOR — Author of document or e-mail;

     14.    RECIPIENT — Recipient of an e-mail;

     15.    COPIES — Copies; and

     16.    BCC – Blind copies

13. The term "representative" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on

4

behalf of the person in question.

14.    The term "evidencing" means having a tendency to show, prove or disprove.

15.    With respect to documents, the term "identify" means (i) state the author thereof and the parties thereto; (ii) state its title or other identifying data; (iii) state the date of the document or if no date, state the exact nature and substance thereof; (iv) identify each person having possession, care, custody or control of the original and copies thereof; and (v) if such document was, but no longer is in your possession or subject to your control, state what disposition was made of it.

16.    With respect to "persons," the term "identify" means: (i) state the name of the person; (ii) state the person's business address; (iii) state the person's residence address; (iv) state the person's business telephone number; and (v) state the person's residential telephone number.

17.    The words "and" and "or" as used herein shall be construed either disjunctively or conjunctively as required by the context to bring within the scope of these Requests any answer that might be deemed outside their scope by another construction.

18.    "Communication" means any oral or written statement dialog, colloquy, discussion or conversation, and also means any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronic or similar means.

19.    "Control" means in your possession, custody or control or under your direction, and includes in the possession, custody or control of those under the direction of you or your employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, and any person purporting to act on your behalf.

20.    "Including" shall mean including, but not limited to.

21.    "Complaint" shall mean the Complaint filed by People for the Ethical Treatment of Animals, Inc., Animal Legal Defense Fund, Howard Garrett and Orca Network in this action.

## **INSTRUCTIONS**

These Requests for Production (the "Requests") shall be deemed to seek documents in

5

existence as of the date of service thereof and to the full extent of the Federal Rules of Civil Procedure. These requests are of a continuing nature and you are required to file and serve supplemental responses promptly if you obtain further or different information after the date of your initial answer and before this case is completed.

1. You must provide the documents requested herein or object to each request within thirty (30) days after service of these Requests.

2. You must state the reason for any objection.

3. These requests shall apply to all documents in your possession, custody or control at the present time or that come into your possession, custody or control. If you at any time had possession, custody, or control of a document called for under this Request and if such document has been lost, destroyed, purged, or is not presently in your possession, custody, or control, you shall describe the document; the date of its loss, destruction, purge, or separation from possession, custody, or control;the circumstances surrounding its loss, destruction, purge, or separation from possession, custody or control; and identify the person or persons, if any, who have possession, custody and control of the document.

4. If you assert that any document called for by any request contained herein is protected against disclosure as, on the grounds that said document constitutes or contains attorney work product and/or attorney-client privileged information, or is protected by any privilege of any kind whatsoever, you shall provide the following information with respect to such document:

    (a) The name and capacity of the person or persons who prepared the document;

    (b) The name and capacity of all addressees or recipients of the original or copies thereof;

    (c) The date, if any, borne by the document;

    (d) A brief description of its subject matter and length;

    (e) The source of the factual information from which such document was prepared; and

    (f) The nature of the privilege claimed.

5. All documents produced pursuant hereto are to be produced as they are

6

kept in the usual course of business or shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof.

6.      No part of a Request may be left unanswered merely because you assert an objection to another part of that Request.

7.      When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

8.      Unless otherwise stated, the documents requested are those that have been generated by, or have come into your possession, custody or control, since 2005.

**Requests for Production of Documents**

1.      All documents related to the health and condition of Lolita, including but not limited to any and all records concerning Lolita's medical condition, veterinary care, or medical diagnoses of Lolita, including all medical charts and notations, results of laboratory tests, and all other documents that in any way relate to the psychological or physical health of Lolita since 1971.

2.      All documents related to any abnormal, aberrant, or irregular behavior by Lolita.

3.      All documents related to any concerns or complaints regarding Lolita's physical or psychological health made by any employees, agents, contractors, representatives, or customers of Defendant, or by any member of the public.

4.      All documents related to any complaints or comments regarding Lolita's behavior made by any employees, agents, contractors, representatives, or customers of Defendant, or by any member of the public.

5.      All documents related to any complaints or comments regarding Lolita's condition made by any employees, agents, contractors, representatives, or customers of Defendant, or by any member of the public.

6.      All documents related to any analysis, study, evaluation or assessment of the effects of captivity on Lolita, or of Lolita's condition.

7.      All documents related to the effects or impacts of the lack of orca companionship on Lolita.

7

8.      All documents related to any efforts to obtain another orca to house with Lolita since 1980.

9.      All documents pertaining to or commenting on the size, adequacy or condition of the tank in which Lolita is housed.

10.     All documents pertaining to the concrete platform contained within the tank, which Seaquarium staff uses when displaying Lolita to the public, including but not limited to its dimensions and construction.

11.     All documents related to the original construction of the tank in which Lolita is housed.

12.     All documents related to any planned, considered or completed alterations, renovations or reconfigurations of the tank in which Lolita is housed.

13.     All documents related to any plans, efforts or attempts to build a new tank in which to hold Lolita, including but not limited to permit applications, the result of such applications, and correspondence with permitting bodies.

14.     All documents related to any complaints, observations, or comments made by any employees, agents, contractors, representatives, or customers of Defendant, or by any member of the public, or officials or employees of any governmental agency, including, but not limited the United States Department of Agriculture, regarding the size, adequacy or condition of the tank in which Lolita is housed.

15.     All documents related to any analysis, study, evaluation or assessment of the effect of the size or adequacy of the tank on Lolita.

16.     All documents pertaining to or commenting on the amount or manner of sunlight to which Lolita is exposed or the amount or manner of shade provided to Lolita.

17.     All documents of any complaints or comments made by any employees, agents, contractor, representatives, or customers of Defendant, or by any member of the public, regarding Lolita's exposure to sunlight, or the adequacy of the shade provided to Lolita.

18.     All documents related to any analysis, study, evaluation or assessment of the effects of sunlight on Lolita, or the adequacy of the shade provided to Lolita.

19.     All documents related to the clarity or turbidity of the water in the tank in

which Lolita is housed.

20.     All documents related to any complaints or comments made by any employees, agents, contractor, representatives, or customers of Defendant, or by any member of the public, regarding the clarity or turbidity of the water in the tank in which Lolita is housed.

21.     All documents related to any analysis, study, evaluation or assessment of the effects of water clarity or lack of turbidity on Lolita.

22.     All documents related to the temperature of the water in which Lolita is housed.

23.     All documents related to any complaints or comments made by any employees, agents, contractors, representatives, or customers of Defendant, or by any member of the public, regarding the temperature of the water in which Lolita is housed.

24.     All documents related to any analysis, study, evaluation or assessment of the effects or impacts of water temperature on Lolita.

25.     All documents related to the quality or appropriateness of the water in which Lolita is housed.

26.     All documents related to any complaints or comments made by any employees, agents, contractors, representatives, or customers of Defendant, or by any member of the public, regarding the quality or appropriateness of the water in which Lolita is housed.

27.     All documents related to any analysis, study, evaluation or assessment of the effects of water quality on Lolita.

28.     All documents related to the treatment of Lolita for sunburn, including but not limited to measures undertaken to prevent sunburn, and Lolita's exposure to substances used as sunscreen.

29.     All documents related to any analysis, study, evaluation or assessment of the effects of measures used to prevent or treat sunburn for Lolita, including but not limited to the effects of the exposure to substances used as sunscreen on Lolita or her health or condition.

30.     All documents related to Lolita's interactions or compatibility with any non-orca in the same tank.

31.     All documents related to the effects of public performances on Lolita or her health and behavior.

32.     All documents related to the effects of training for public performances on Lolita's health and behavior.

33.     All documents related to any injuries to any person in connection with training, performing with, or otherwise interacting with Lolita.

34.     All documents related to any physical or psychological illnesses or injuries suffered by Lolita.

35.     All documents related to any injuries suffered by any animal in the same tank as Lolita since 2000.

36.     All documents pertaining to or constituting any communications with the National Marine Fisheries Service regarding Lolita since 2000.

37.     All documents related to any analysis, study, evaluation or assessment of Lolita's care and environment made by the National Marine Fisheries Service since 2000.

38.     All documents pertaining to or constituting any communications with the Animal and Plant Health Inspection Service of the U.S. Department of Agriculture since 2000.

39.     All documents related to any analysis, study, evaluation or assessment of Lolita's care and environment made by the Animal and Plant Health Inspection Service of the U.S. Department of Agriculture since 1971.

40.     All documents related to any analysis, study, evaluation or assessment of Lolita's care and environment made by any other federal, state or local government regulatory agency since 2000.

41.     All documents concerning any disciplinary measures that have been taken by Defendant with respect to the treatment of Lolita by any employee, representative, contractor or agent of Defendant.

42.     All documents concerning any complaints regarding the treatment of Lolita by any employee, representative, contractor or agent of Defendant.

43.     All documents that set forth Defendant's policies or practices with respect to caring for, handling, training, controlling, correcting, or disciplining Lolita.

44.     All documents that in any way discuss, reflect, or relate to the ways in which Lolita uses the tank in which she is maintained, including, but not limited to, documents concerning how she spends her time in the tank when she is not being required to perform.

45.     All documents related to Lolita's status as a member of a population listed as endangered under the Endangered Species Act.

46.     All documents related to whether Defendant's possession or treatment of Lolita constitutes a "take" as defined by the Endangered Species Act.

47.     All documents related to whether Defendant's possession or treatment of Lolita constitutes "harassment" within the meaning of the Code of Federal Regulations, including, but not limited to, all documents that in any way relate to whether Lolita is able to engage in normal behavioral patterns of orcas in the wild.

48.     All documents related to whether Defendant's possession or treatment of Lolita constitutes "harm" within the meaning of the Code of Federal Regulations.

49.     All documents related to any efforts or attempts to transfer Lolita to another facility.

50.     All documents that form the basis of Defendant's claims and affirmative defenses in their Answer to the Complaint.

51.     All documents reflecting Defendant's gross income and net profits.

52.     All documents reflecting Defendant's ticket sales.

53.     All documents related to Defendant's advertising that includes reference to Lolita or orcas.

Respectfully submitted,

By:____s/ Paul J. Schwiep_____
    Paul J. Schwiep, Fla. Bar No. 823244
    pschwiep@coffeyburlington.com
    Coffey Burlington, P.L.
    2601 South Bayshore Drive, PH
    Miami, Florida  33133
    Telephone:   (305) 858-2900
    Facsimile:   (305) 858-5261
    **Secondary:** yvb@coffeyburlington.com
    **Tertiary:**     service@coffeyburlington.com

/s/ Jared Goodman
Jared Goodman (admitted *pro hac vice*)
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90026
Telephone: 323-210-2266
Facsimile: 213-484-1648

JaredG@petaf.org

/s/ Matthew Strugar
Matthew Strugar (admitted *pro hac vice)*
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90026
Telephone:    (323) 210-2263
Facsimile:    (202) 540-2208
Matthew-S@petaf.org

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 23, 2015, the foregoing was served by Electronic Mail upon the parties identified in the Service List.

_____ s/ Paul J. Schwiep _____

## Service List

| | |
|---|---|
| **Jennifer B. Moore, Esq.**<br>moorej@gtlaw.com<br>   *(admitted pro hac vice)*<br>GREENBERG TRAURIG, P.A.<br>Terminus 200<br>3333 Piedmont Road NE<br>Atlanta, Georgia  30305<br>Telephone:   (678) 553-2100<br><br>*Counsel for Defendant* | **James H. Lister, Esq.**<br>jlister@dc.bhb.com<br>   *(admitted pro hac vice)*<br>BIRCH HORTON BITTNER &<br>   CHEROT, PC<br>SUITE 1020<br>1156 Fifteenth Street, NW<br>Washington, D.C.  20005<br>Telephone:   (202) 659-5800<br><br>*Counsel for Defendant* |
| **Michael G. Murphy, Esq.**<br>murphymg@gtlaw.com<br>GREENBERG TRAURIG, P.A.<br>450 South Orange Avenue, Suite 650<br>Orlando, Florida  32801<br>Telephone:   (407) 420-1000<br><br>*Counsel for Defendant* | |

13

# Exhibit B

## to

**Caitlin Hawks' Declaration in Support of Motion to Compel Production of Unredacted Documents Responsive to Plaintiffs' First and Second Sets of Requests for Production to Defendant**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 15-cv-22692-Ungaro/Otazo-Reyes**

PEOPLE FOR THE ETHICAL TREATMENT OF
ANIMALS, INC.,
    501 Front St.
    Norfolk, VA 23510,

ANIMAL LEGAL DEFENSE FUND,
    170 East Cotati Ave.
    Cotati, CA 94931,

HOWARD GARRETT, and ORCA NETWORK,
    485 Labella Vista Way
    Freeland, WA 98249,

                    Plaintiffs,

                    v.

MIAMI SEAQUARIUM,
    4400 Rickenbacker Cswy.
    Miami, FL 33149,

FESTIVAL FUN PARKS, LLC, D/B/A PALACE
ENTERTAINMENT,
    4590 MacArthur Blvd., Ste. 400
    Newport Beach, CA 92660,

                    Defendants.

## PLAINTIFFS' SECOND REQUESTS FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs, through undersigned counsel, hereby propound the following requests for production upon Defendant and request that Defendant produce for inspection and copying the documents and things requested below no later than 30 days from the date of service of these Requests (as defined below), at the law offices of Coffey Burlington, P.L., c/o Paul J. Schwiep, 2601 South Bayshore Drive, PH, Miami, Florida 33133.

### Definitions

The following are defined terms, whether or not capitalized in the text:

1.      "Defendant" refers to Miami Seaquarium and Festival Fun Parks, LLC, d/b/a Palace Entertainment, their employees, representatives, agents, servants and any other person or entity acting or purporting to act on its behalf or under its control.

2.      "Answer" refers to Defendant's Amended Answer in this action.

3.      "Affirmative Defenses" refers to the Affirmative Defenses interposed by Defendant.

4.      The term "Lolita" shall refer to the sole orca kept on the grounds of Defendant's property at Virginia Key, Miami-Dade County, Florida.

5.      The term "NMFS" shall mean the National Marine Fisheries Service, its headquarters, regional offices and field offices, and all employees, independent contractors and consultants of that agency.

6.      The term "tank" shall refer to the pen or enclosure in which Lolita is housed on Defendant's property.

7.      "You" or "your" or "yours" refers to the party(ies) responding to this request and as indicated by the context of each particular paragraph of this request.

8.      The term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units herein, and shall include, but not be limited to, public or private corporations, partnerships, joint ventures, voluntary or unincorporated associations, organizations, proprietorships, trusts, estates, governmental agencies, commissions, bureaus, or department, and the agents, servants, and employees of same.

9.      ""Related to" or "pertaining to" shall mean directly or indirectly refer to, reflect, constitute, describe, pertain to, arise out of or in connection with, or in any way legally, logically, or factually be connected with the matter discussed.

10.      The term "document" or "writing" means all written, typed, or printed documents and tangible things and all magnetic, electronic, or other recording or documentation of any kind in your possession, custody, or control, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of this arbitration. The term "document" includes, without limitation, books, papers, records,

2

letters, notes, schedules, tabulations, vouchers, accounts, statements, financial statements, balance sheets, income or revenue statements, debt summaries, profit-and-loss statements, spreadsheets, data bases, affidavits, memoranda, records, communications, electronic mail ("e-mail"), text messages, minutes, reports, abstracts, agreements, contracts, calendars, drafts, drawings, photographs, blueprints, slides, sketches, video recordings, audio recordings (including voicemails), charts, graphs and similar items, including originals, copies, or reproductions of any kind, and shall also include any kind of transcript, transaction, or recording of any audio or visual presentation or communication of any kind. The term "documents" shall further include other data compilations or electronically stored information of any kind, including data or information that can be obtained or translated through detection devices or other means into any reasonably useable or readable format.

11.     **Electronically-Stored Information" or "ESI"** means all documents that are stored in any electronic medium from which information can be obtained.

12.     **Special Instructions for Data Stored or Maintained in Electronic, Electromagnetic, Photographic, Digital, or Mechanical Form:** These requests cover all documents, including electronically-stored information (ESI), in, or subject to, your possession, custody, or control, including, but not limited to, all documents (including ESI) that you have the ability to obtain, that are responsive, in whole or in part, to these requests. Our client is prepared to discuss the terms of production of ESI. In the absence of an agreement, ESI should be produced in the following form: (1) all documents should be produced as Type IV single page tiff files and name each tiff file with the Bates number labeled on the corresponding page; (2) documents should not be divided across folder directories and an image load file (e.g., .LFP file) that defines all document page breaks should be provided; (3) the extracted full text from the body of each document should be produced as a .txt file, and for each document scanned from hardcopy or containing redactions, the OCR should also be produced as a .txt file. Our client specifically requests that you produce a separate .txt file for each electronic or scanned document and that you name each .txt file with the Bates number labeled on the first page of each corresponding document (e.g., BATES0000001.txt). Our client

further requests that you produce in the form of a .dat file extracted metadata for each of the following metadata fields for each electronic document:

1. BEGBATES — The Bates label of the first page of the document;

2. ENDBATES — The Bates label of the last page of the document ;

3. BEGATTACH — The Bates label of the first page of the parent document in a family of documents;

4. ENDATTACH — The Bates label of the last page of the last child document in a family of documents;

5. TITLE — Subject of e-mail or title of document;

6. DOCDATE — Document last modified date or e-mail sent date;

7. TIMESENT — The time an email was sent;

8. DOCTYPE — Document type;

9. RECORD TYPE — e-Mail, attachment, e-doc;

10. FILE EXTENSION — File extension;

11. FILE NAME — Name of electronic file;

12. PAGE COUNT — Number of pages;

13. AUTHOR — Author of document or e-mail;

14. RECIPIENT — Recipient of an e-mail;

15. COPIES — Copies; and

16. BCC – Blind copies

13.    The term "representative" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the person in question.

14.    The term "evidencing" means having a tendency to show, prove or disprove.

15.    With respect to documents, the term "identify" means (i) state the author thereof and the parties thereto; (ii) state its title or other identifying data; (iii) state the date of the document or if no date, state the exact nature and substance thereof; (iv) identify each person having possession, care, custody or control of the original and copies thereof; and (v) if such document was, but no longer is in your possession or subject to your control, state what disposition was made of it.

16.    With respect to "persons," the term "identify" means: (i) state the name of the person; (ii) state the person's business address; (iii) state the person's residence address; (iv) state the person's business telephone number; and (v) state the person's residential telephone number.

17.    The words "and" and "or" as used herein shall be construed either disjunctively or conjunctively as required by the context to bring within the scope of these Requests any answer that might be deemed outside their scope by another construction.

18.    "Communication" means any oral or written statement dialog, colloquy, discussion or conversation, and also means any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronic or similar means.

19.    "Control" means in your possession, custody or control or under your direction, and includes in the possession, custody or control of those under the direction of you or your employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, and any person purporting to act on your behalf.

20.     "Including" shall mean including, but not limited to.

21.    "Complaint" shall mean the Complaint filed by People for the Ethical Treatment of Animals, Inc., Animal Legal Defense Fund, Howard Garrett and Orca Network in this action.

## INSTRUCTIONS

These Requests for Production (the "Requests") shall be deemed to seek documents in existence as of the date of service thereof and to the full extent of the Federal Rules of Civil Procedure. These requests are of a continuing nature and you are required to file and serve supplemental responses promptly if you obtain further or different information after the date of your initial answer and before this case is completed.

1.      You must provide the documents requested herein or object to each request within thirty (30) days after service of these Requests.

2.      You must state the reason for any objection.

3.      These requests shall apply to all documents in your possession, custody or control at the present time or that come into your possession, custody or control. If you at any time had possession, custody, or control of a document called for under this Request and if such document has been lost, destroyed, purged, or is not presently in your possession, custody, or control, you shall describe the document; the date of its loss, destruction, purge, or separation from possession, custody, or control;the circumstances surrounding its loss, destruction, purge, or separation from possession, custody or control; and identify the person or persons, if any, who have possession, custody and control of the document.

4.      If you assert that any document called for by any request contained herein is protected against disclosure as, on the grounds that said document constitutes or contains attorney work product and/or attorney-client privileged information, or is protected by any privilege of any kind whatsoever, you shall provide the following information with respect to such document:

    (a)     The name and capacity of the person or persons who prepared the document;

    (b)     The name and capacity of all addressees or recipients of the original or copies thereof;

    (c)     The date, if any, borne by the document;

    (d)     A brief description of its subject matter and length;

    (e)     The source of the factual information from which such document was prepared; and

6

(f)     The nature of the privilege claimed.

5.      All documents produced pursuant hereto are to be produced as they are kept in the usual course of business or shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof.

6.      No part of a Request may be left unanswered merely because you assert an objection to another part of that Request.

7.      When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

8.      Unless otherwise stated, the documents requested are those that have been generated by, or have come into your possession, custody or control, since 2005.

## Requests for Production of Documents

1.      All documents identified in Section B of Defendant's Rule 26(a)(1) Initial Disclosures, served in this matter on September 9, 2015.

2.      All photographs and/or videos taken of Lolita while she is not performing.

3.  All photographs, videos, and measurements taken of Lolita's teeth since 1971.

4.      All documents related to Lolita's vocalizations since 1971.

5.      All documents related to enrichment or "toys" given to Lolita, including but not limited to any documents identifying such items, when each was implemented, and Lolita's reaction to them.

6.      All documents related to physical maintenance of the tank, including but not limited to painting or repairs.

7.      All documents related to construction in or renovations to the stadium area in which Lolita's tank is located.

8.      All documents related to the dimensions of any holding tank, holding area, annex, or any enclosure or area in which in Lolita is temporarily placed.

9.      All documents related to the duration of time for which Lolita is placed any holding tank, holding area, annex, or any enclosure or area in which Lolita is temporarily placed.

7

10.     All documents related to Lolita's behavior, including but not limited to what may be considered "behavioral logs" or "trainer logs."

11.     All documents related to the administration of drugs to Lolita, including but not limited to hormonal treatments and those used or intended for use to prevent or treat anxiety, depression, or ulcers.

12.     All documents related to any administration of freshwater to Lolita by intubation or in any other manner.

Respectfully submitted,

By:___/s/   Paul J. Schwiep_____
　　　Paul J. Schwiep, Fla. Bar No. 823244
　　　pschwiep@coffeyburlington.com
　　　Coffey Burlington, P.L.
　　　2601 South Bayshore Drive, PH
　　　Miami, Florida  33133
　　　Telephone:   (305) 858-2900
　　　Facsimile:   (305) 858-5261
　　　**Secondary:**   yvb@coffeyburlington.com
　　　**Tertiary:**      service@coffeyburlington.com

　　　__/s/   Jared Goodman_____
　　　Jared Goodman (admitted *pro hac vice*)
　　　PETA Foundation
　　　2154 W. Sunset Blvd.
　　　Los Angeles, CA 90026
　　　Telephone:   (323) 210-2266
　　　Facsimile:   (213) 484-1648
　　　JaredG@petaf.org

　　　__/s/   Matthew Strugar_____
　　　Matthew Strugar (admitted *pro hac vice)*
　　　PETA Foundation
　　　2154 W. Sunset Blvd.
　　　Los Angeles, CA 90026
　　　Telephone:   (323) 210-2263
　　　Facsimile:   (202) 540-2208
　　　Matthew-S@petaf.org

　　　*Attorneys for Plaintiffs*

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 5, 2015, the foregoing was served by Electronic Mail upon the parties identified in the Service List.

_/s/_   Paul J. Schwiep_____

## Service List

| | |
|---|---|
| **Jennifer B. Moore, Esq.**<br>moorej@gtlaw.com<br>   *(admitted pro hac vice)*<br>GREENBERG TRAURIG, P.A.<br>Terminus 200<br>3333 Piedmont Road NE<br>Atlanta, Georgia  30305<br>Telephone:   (678) 553-2100<br><br>*Counsel for Defendant* | **James H. Lister, Esq.**<br>jlister@dc.bhb.com<br>   *(admitted pro hac vice)*<br>BIRCH HORTON BITTNER &<br>   CHEROT, PC<br>SUITE 1020<br>1156 Fifteenth Street, NW<br>Washington, D.C.  20005<br>Telephone:   (202) 659-5800<br><br>*Counsel for Defendant* |
| **Michael G. Murphy, Esq.**<br>murphymg@gtlaw.com<br>GREENBERG TRAURIG, P.A.<br>450 South Orange Avenue, Suite 650<br>Orlando, Florida  32801<br>Telephone:   (407) 420-1000<br><br>*Counsel for Defendant* | |

9

# Exhibit I

## to

**Caitlin Hawks' Declaration in Support of Motion to Compel Production of Unredacted Documents Responsive to Plaintiffs' First and Second Sets of Requests for Production to Defendant**

**Caitlin Hawks**

| | |
|---|---|
| **From:** | mitchellst@gtlaw.com |
| **Sent:** | Tuesday, February 02, 2016 8:29 AM |
| **To:** | Caitlin Hawks |
| **Cc:** | jlister@dc.bhb.com; MooreJ@gtlaw.com; cobose@gtlaw.com; pschwiep@coffeyburlington.com; shiaasen@coffeyburlington.com; Jared Goodman; Matthew Strugar |
| **Subject:** | RE: MSQ - Redactions in Defendant's Productions |

Are you available for a meet and confer on this issue at 12:45pm or 3:30pm Eastern?

Stephanie

---

**From:** Caitlin Hawks [mailto:CaitlinH@petaf.org]
**Sent:** Monday, February 01, 2016 9:10 PM
**To:** Mitchell, Stephanie Oginsky (OfCnsl-Atl-LT)
**Cc:** James Lister - Ext; Moore, Jennifer B. (Shld-Atl); Cobos, Evelyn (Assoc-Mia-LT); Paul J. Schwiep; Scott A. Hiaasen; Jared Goodman; Matthew Strugar
**Subject:** Redactions in Defendant's Productions
**Importance:** High

Stephanie,

Defendant's production of electronic documents contains numerous redactions without explanation. As you are aware, Defendant is obligated to produce documents "as they are kept in the usual course of business" under Rule 34. Unless these redactions are made on the basis of privilege (and Defendant has provided no indication that they are), they are entirely improper.

Please immediately produce unredacted versions of these electronic documents. If you will not do so, Plaintiffs will need to go to the magistrate judge tomorrow to request emergency relief so that they are able to use these materials in deposition.

Regards,
Caitlin


**Caitlin K. Hawks**
Litigation Counsel
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90026
(206) 858-8518 (Office)
(310) 200-8666 (Mobile)
CaitlinH@petaf.org

This message may be protected by the attorney-client privilege and/or the attorney work product doctrine. If you believe you have received this message in error, please reply to the sender that it has been sent in error and delete the message. Thank you.

---

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate such information.

# Exhibit J

**to**

**Caitlin Hawks' Declaration in Support of Motion to Compel Production of Unredacted Documents Responsive to Plaintiffs' First and Second Sets of Requests for Production to Defendant**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.  1:15-22692-UNGARO

PEOPLE  FOR THE ETHICAL TREATMENT
OF ANIMALS, INC., ANIMAL LEGAL
DEFENSE FUND, HOWARD GARRETT, and
ORCA NETWORK,

        Plaintiffs,

v.

MIAMI SEAQUARIUM and FESTIVAL FUN
PARKS, LLC, d/b/a PALACE
ENTERTAINMENT,

        Defendants.
_____

**DEFENDANT'S ANSWERS AND OBJECTIONS TO
PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

      Defendant Festival Fun Parks, LLC d/b/a Palace Entertainment d/b/a Miami Seaquarium ("Miami Seaquarium" or "Defendant"), pursuant to Fed. R. Civ. P. 26 and 34 and Local Rule 26.1(g), hereby responds and objects to Plaintiffs' First Requests for Production of Documents (the "Requests") as follows.

**GENERAL OBJECTIONS**

      1.     Defendant objects to each Request to the extent it seeks to impose requirements or obligations in addition to or different from those imposed by the Federal Rules of Civil Procedure and/or Local Rules of this Court.  *See, e.g.*, Definitions ¶¶ 12, 15-16, and 19 and Instructions ¶¶ 3, 4 and general introductory comments.  By way of example only, Plaintiffs' Instruction No. 3 states that Defendant is obligated to file and serve supplemental responses if it obtains further or different information after the date of Defendant's initial answers to these Requests.  This instruction is inconsistent with the language of Fed. R. Civ. P 26(e) and purports to impose obligations on Defendant that are greater than those required by the Federal Rules of Civil Procedure.  Similarly, Plaintiffs' Definition Nos. 8, 13, and 19, in conjunction with Instruction No. 3, purport to require Defendant to produce trial preparation documents and expert documents that are protected from discovery by Fed. R. Civ. P. 26(b)(3) and 26(b)(4).  Finally, Plaintiffs' Instruction No. 4 exceeds the requirements of Fed. R. Civ. P. 26(b)(5).

      2.     Defendant objects to all of Plaintiffs' Requests on the ground that they are not reasonably limited in time.  In support of this objection, Defendant notes that many of Plaintiffs'

1

Requests seek the production of documents dating back a decade to 2005.[1]  Several other Requests seek documents going back an additional 5 years and, in some instances, decades earlier.[2]  These requests for documents that go back 10, 15, 35, and 45 or more years are unreasonable since Lolita was not even added to the Southern Resident Killer Whale population ("SRKW Population") protected by the Endangered Species Act ("ESA")[3] until May 11, 2015 ("ESA Listing Date").  Final Rule, 80 Fed. Reg. 7380 (Feb. 10, 2015).  As a result, any Request for documents that pre-date the ESA Listing Date, and so concern time periods before the ESA "take" prohibition went into effect, is likely to be overly broad, unduly burdensome and harassing.  It is certainly an undue burden to demand a search for documents pre-dating the earliest date any of these Plaintiffs first filed suit to seek inclusion of Lolita in the ESA listing, which was November 17 2011, almost exactly four years ago, and also 3.5 years before the ESA Listing Date.  *See Proie v. National Marine Fisheries Service*, 2012 WL 1536756, * 1 Case No. C11-5955BHS (W.D. Wash. 2012).

3.     Defendant objects to the scope of all of Plaintiffs' Requests on the grounds that these Requests are overly broad in scope, seek is not relevant to any party's claim or defense, and much of the ESI sought is not proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1); *see also* Local Rule 26.1(g)(5).  In support of this objection, Defendant notes that this lawsuit involves narrow claims of an alleged "take" of Lolita under the ESA.[4]  In their pre-suit demand[5] and Complaint, Plaintiffs reference only three bases for this alleged "take" relating to: a) the size of Lolita's pool; b) the adequacy of Lolita's protection from the sun; and c) the absence of orca companions.  *See* Complaint and Notice of Intent to File Citizen Suit ("Notice of Intent") attached to the Complaint as Exhibit "A."  Plaintiffs do not seek compensatory or punitive damages (other than attorneys' fees, expert fees and costs) from Defendant; instead, they seek only declaratory and injunctive relief.  *Id.*

Expansive discovery is not needed on these three core issues.  The dimensions of Lolita's tank are easily ascertainable.  The parties can likely stipulate to the dimensions of the pool or Defendant can provide a set of drawings showing the dimensions of the tank.  The absence of a

---

[1] *See* Instruction No. 8.  *See also* Request Nos. 2-7, 9-34, 41-53 (all without temporal limitations in the request itself, but subject to the 2005 time parameter set forth in Instruction No. 8).  While Plaintiffs may suggest that the 2005 date is reasonable since this is when the SRKW Population was added to the ESA, Lolita was specifically excluded from the listing at that time.  Also, even though Plaintiffs recently responded to Defendant's request that they limit the overly broad time parameters contained in their Requests, they have only agreed to limit a handful of Requests to the period January 1, 2010 to the present (*i.e.,* Request Nos. 3-5, 14, 17, 20, 23, 26, and 51-52) and have not provided any explanation for the seemingly arbitrary cutoff date of January 1, 2010.  *See* November 20, 2015 email from Jared Goodman to James Lister, et al.  As part of the good faith meet and confer process, Defendant will continue to try and work through the parties' differences over the unreasonable time parameters suggested by Plaintiffs.

[2] *See, e.g.,* Request Nos. 1 and 39 (documents going back to 1971 before the ESA was enacted), Request No. 8 and 11 (documents going back to 1980), Request Nos. 35-38 and 40 (documents going back to 2000).

[3] The ESA was enacted in 1973.

[4] The ESA was enacted in 1973.

[5] This May 11, 2015 pre-suit demand was appended to the Complaint.

sun screen over the tank is something that does not require extensive discovery.  It can be established by a simple photograph or stipulation of the parties.  The lack of an orca companion for Lolita is a well-known fact that can be established by public records and/or a stipulation of the parties.

Despite these easily ascertainable facts, Plaintiffs have served 53 Requests on Defendant requesting is irrelevant to these three core issues.  For example, even though Plaintiffs seek only declaratory and injunctive relief, Plaintiffs have served Requests seeking "all documents" reflecting Defendants' gross income, net profits, and ticket sales.  *See* Request Nos. 51-52. Similarly, Plaintiffs have asked numerous questions about "complaints," "comments," or "concerns" expressed by various groups of people, including "customers of Defendant" and "any member of the public" over the course of the past decade even though Lolita was not added to ESA Listing until just six months ago.  Many of these complaints, comments, and concerns were generated by Plaintiffs themselves and their supporters.  Others are publicly available and equally accessible to Plaintiffs.  *See* Request Nos. 3-5, 9, 14, 16-17, 20, 23, 26, and 42.  *See also* General Objection No. 8 below.  Moreover, on November 11, 2015, Plaintiffs serve a Request for Entry on Land to review Lolita's pool and related facilities (plus do other things going well beyond what could even arguably be a proper inspection of premises).  Through some more reasonable variation of this inspection that the parties are currently negotiating, Plaintiffs will certainly know (and in fact already know) the dimensions and characteristics of Lolita's facilities, the fact she is the only orca in her pool, and the shading arrangements, thus rendering many of Plaintiffs' current Requests overly broad, unduly burdensome and harassing and grossly disproportionate to the actual needs of this case.  In a case in which the only issue is whether there is an unremedied "take" occurring since the ESA Listing Date of May 15, 2015 based on Plaintiffs' limited pool-size, companionship, and shading allegations, an open-ended fishing expedition into the distant past years before ESA listing went into effect in an apparent effort to uncover "facts" that may support different or additional purported "take" claims is simply not warranted.  *See, e.g., See Southwest Center for Biological Diversity v. U.S. Bureau of Reclamation,* 143 F.3d 515, 521 (9th Cir. 1998)*; Nat'l Parks & Conservation Ass'n, Inc. v Tennessee Valley Auth.*, 502 F.3d 1316, 1329-30(11th Cir. 2007).

In addition to these overly broad Requests relating to data in Plaintiffs' own possession or is publicly available and equally accessible to Plaintiffs, other Requests seek irrelevant information regarding matters that have no bearing on the issue of whether there has been a "take" within the meaning of the ESA.  These include Requests regarding injuries to any person that has trained, performed with, or "otherwise interacted with Lolita" and disciplinary measures taken by Defendant with respect to the treatment of Lolita.  *See* Request Nos. 33 and 41.  This is not an OSHA proceeding, nor is it a worker's compensation or employment lawsuit.  The ESA contains no provisions regarding workers' compensation or employment issues, as those matters are covered by other statutes not raised in any of Plaintiffs' claims.  In any event, Plaintiffs have not alleged that Lolita is dangerous or aggressive with her trainers, nor have they asserted that Lolita has been abused by any of her trainers.  *See* Complaint and Notice of Intent.  As a result, these Requests fall outside the realm of relevant discovery.

Given the highly focused nature of Plaintiffs' three core claims in this case and the limited amount of objective evidence that is actually needed to assess whether these claims are amount to a "take" under the ESA, the vast majority of the Requests served by Plaintiffs are

overly broad, unduly burdensome, harassing and appear designed solely to harass Defendant. There are also more efficient ways to obtain evidence that actually is relevant in this case and would save the parties substantial trouble and expense. In this regard, Defendant notes that it offered to enter into several stipulated facts with Plaintiffs as part of the parties' Joint Planning and Scheduling Report to the Court. Plaintiffs refused to include any of these stipulations in the Joint Report submitted to the Court. Plaintiffs then served their 53 overly broad Requests on October 23, 2015, followed by 13 more Requests for Production served on November 5, 2015. Similarly, as noted above, Plaintiffs have now requested an inspection of Lolita, her pool, and the whale stadium, among other impermissible areas, and Defendant is willing to permit a more reasonable variation of this inspection that will vitiate the need to search for and produce many of the categories of documents that Plaintiffs seek in these Requests.

Finally, the marginal relevance, if any, of much of the documentation sought by Plaintiffs is far outweighed by the high cost of conducting an ESI search for such irrelevant matters. As noted above, all of Plaintiffs' Requests seek information going back at least a decade. Exorbitant costs for collection, processing, review and production of ESI sufficient to respond to all of Plaintiffs' document requests are not justified given the extremely narrow focus of this litigation and the limited facts needed for this Court to rule on Plaintiffs' claims for declaratory and injunctive relief. *See* discussion above. Once again, Defendant is currently working in good faith with Plaintiffs to reach agreements regarding the custodians, data sources and search terms to be applied in this matter.

In short, given the fact that Lolita was not added to the ESA Listing until approximately five months ago, Plaintiffs' Requests are unreasonable in scope and should be tailored to the claims actually asserted by Plaintiffs in the Notice of Intent and Complaint and restricted to a proper time frame (*i.e.*, November, 2011 to the present, for general document requests that require searching for abstract categories of documents such as documents (*see* General Objection No. 2 above) and somewhat earlier for narrowly tailored requests for types of documents that would ordinarily be maintained in specific places). Defendant will continue to confer with Plaintiffs about reaching reasonable compromises regarding the scope of Plaintiffs' Requests in an effort to avoid court intervention.

4.     Defendant objects to the Definitions and Instructions contained in Plaintiffs' Requests to the extent they purport to alter the plain meaning and/or scope of any specific Request, on the ground that such alteration renders the Requests vague, ambiguous, overbroad, and/or unduly burdensome.

5.     Defendant objects to Plaintiffs' instruction in the introductory paragraph of their Requests that non-privileged responsive documents must be produced at the law offices of Plaintiffs' counsel in Miami, Florida no later than thirty days after the date of service of the Requests. Defendant will produce non-privileged responsive documents electronically and within a reasonable period of time following the service of its Responses to these Requests. Given the broad scope of several of Plaintiffs' Requests and the parties' current ongoing discussions relating to ESI search terms, reasonable time parameters for Plaintiffs' Requests and the scope of Plaintiffs' requested inspection, Defendant will need to produce non-privileged responsive documents on a rolling basis.

6.      Defendant objects to the Instruction No. 12 of Plaintiffs' Requests regarding Electronically Stored Information ("ESI") as being overly broad, unduly burdensome, harassing, and exceeding the requirements of the Federal Rules of Civil Procedure and Local Rules of this Court.  Counsel for Defendant has conferred with Plaintiffs' counsel regarding a mutually acceptable set of search terms to be used in connection with the parties' respective ESI searches and a mutually acceptable manner in which ESI records will be produced and labeled.  These discussions are still ongoing as of the date of service of these Answers and Objections to Plaintiffs' Requests.

7.      Defendant objects to Plaintiffs' Definition Nos. 1, 12, 13 and 19, as well as Instruction Nos. 3 and 4 as overly broad, unduly burdensome and harassing to the extent they purport to require Defendants to collect, process, review or produce additional electronically stored information ("ESI") and other documents for any all present and former employees, representatives, agents, servants, or other persons acting or purporting to act on its behalf or under its control for records dating back to 2005 and, in some instances 2000, 1980, and 1971, on the ground that such Definitions and Instructions are unduly burdensome, expensive and disproportionate to the needs of this case, particularly with respect to Requests regarding topics that far exceed the scope of permissible discovery in this case.  *See* General Objections 1-3 above.

8.      Defendant objects to Plaintiffs' Requests to the extent they seek or purport to seek information or documents that are already within the possession of Plaintiffs, or to which Plaintiffs have equal access, or which are in the public domain, or which constitute form letters and other mass-served communications from individual members of the public.  One example is documents found on Plaintiffs' various websites and downloaded by Defendant.   For another example, as noted in General Objection No. 3 above, Plaintiffs not only sent, but encouraged others to send, emails and other communications to Defendant expressing their "complaints," "concerns," and "comments" regarding Lolita's living conditions, health, and behaviors. *See, e.g., Help Free Lolita, the World's Loneliest Orca* located at http://www.peta.org/action/action-alerts/help-free-lolita/ at which PETA posted a draft email for its supporters to send to Defendant's CEO.   Since Plaintiffs already possess these documents and/or authored these communications for others to send, Defendant should not be required to incur the expense of attempting to locate these documents and produce them back to Plaintiffs.

By way of further response, Defendant notes that various complaints, comments, and concerns about Lolita's physical and psychological health have been expressed by protestors, activists, and animal rights groups, including Plaintiffs and their supporters/members, on various websites and Facebook pages, including but not limited to the following:

- the Miami Seaquarium Facebook page

- the PETA website and Facebook page

- the ALDF website and Facebook page

- the Orca Network website and Facebook page

- The Free Lolita the Orca! Facebook page

5

- The Shut Down Palace Facebook page

Since the burden is the same on Plaintiffs as it is on Defendant to search these various websites and social media sources and locate such documents, it is unduly burdensome, oppressive and harassing for Plaintiffs to ask Defendant to attempt to capture this data on the Internet.  This is especially true where, as here, the information is of marginal, if any, relevance to the core facts and issues in this case.  *See* General Objection No. 3 above.

Likewise, as Plaintiffs are aware, there were 17,353 public comments on the proposed rule to include Lolita in the SRKW ESA Listing from January 27, 2014 to March 28, 2014 and another 1837 comments filed at an earlier stage of the proceedings.  Upon information and belief, many of these comments were submitted by Plaintiffs and their supporters, and thus would predictably be characterized by Plaintiffs as complaints by members of the public regarding Defendant's care for Lolita.  However, these comments/complaints are publicly available and Plaintiffs have equal access to them.  As a result, Defendant should not be required to go to the trouble and expense of attempting to locate and produce them in responses to Plaintiffs' Requests.  *See, e.g.,* Request Nos.  3-5, 9, 14, 16-17, 20, 23, 26, 36, 38, 42, and 45.  *See also*  http://www.regulations.gov/#!docketBrowser;rpp=25;po=0;dct=PS;D=NOAA-NMFS-2013-0056;refD=NOAA-NMFS-2013-0056-0001.

Equally importantly, the high volume of comments/complaints submitted in the NMFS rulemaking docket is just illustrative of a high volume of complaints generated by Plaintiffs' supporters that are sent directly to Defendant as opposed to NMFS.  The public comments/complaints sent to NMFS, again many of which were generated by Plaintiffs and their supporters, can be counted and viewed (most are form letters) due to the docketing and filtering features of www.regulations.gov.  The burden is the same on Plaintiffs as it is on Defendant to do this and Defendant should not be put to the trouble and expense of going to these public sites to locate Plaintiffs' own documents for them, particularly when these complaints are not relevant to the Court's determination as to whether a "take" of Lolita has occurred since May 11, 2015.  The complaints  sent directly to Defendant before the ESA Listing Date, even if there were retained by Defendant, which they likely were not, would be far more difficult for Defendant to locate, assemble, count and produce, and nothing useful would be accomplished by doing so since the issue in this case – whether a "take" has occurred as a result of the three core allegations in the Complaint – does not require any consideration of whether complaints were asserted by Plaintiffs and their supports years ago.    Moreover, attempting to locate and assemble such documents would impose an undue burden and expense on Defendant that is disproportionate to the needs of this case

9.    Defendant objects to Plaintiffs' Requests to the extent they call for is protected from discovery by the attorney-client privilege, the attorney/litigation work-product doctrine, the trial preparation immunity doctrine, and/or any other applicable privilege, doctrine or immunity.  More specifically, Defendant has been working with inside and outside counsel with respect to this matter since the Notice of Intent was served and this action was commenced.  All of these communications are protected from discovery and do not have to be listed on a privilege log.  *See* Local Rule  26.1(g)(3)(C).  In addition, Defendant has worked with inside and outside counsel in defending Plaintiffs' complaints regarding Defendant's care for Lolita since at least January 1, 2012.  These legal matters have included, but are not limited to, the following:

(a) A November 17, 2011 lawsuit by some of the Plaintiffs and others seeking to compel the inclusion of Lolita in the ESA listing from which she had been excluded in 2005, *See Proie v. National Marine Fisheries Service*, 2012 WL 1536756, * 1 Case No. C11-5955BHS (W.D.Wash. 2012) (Miami Seaquarium's motion to intervene was filed in that case on January 25, 2012);

(b) August 22, 2012 lawsuit filed by Plaintiffs PETA, ALDF, and Orca Network against APHIS challenging APHIS's renewal of Defendant's Animal Welfare Act ("AWA") license by advancing the same pool-size, companionship, and shade claims against Defendant in the AWA context that Plaintiffs now advance against Defendants in this ESA lawsuit. *Animal Legal Defense Fund, v. U.S. Dept' of Agriculture*, 1:13-cv-20076-JAL (transferred to the Southern District of Florida in 2013 after being filed in 2012 in the Northern District of California)

(c) Plaintiffs' petition filed in 2013 with NMFS leading up to the issuance of the Final Rule including Lolita in the ESA listing, 80 Fed.Reg. 7,380 (Feb 11, 2015).

(d) an OSHA proceeding resulting from a complaint filed by one of the Plaintiffs in 2014 regarding interaction between Lolita and her trainers which lead to a contested OSHA matter. *See Secretary of Labor v. Marine Exhibition Corporation d/b/a Miami Seaquarium,* OSHRC Docket No. 14-1323, Occupational Safety and Health Review Commission.

Communications with counsel regarding such matters, several of which are irrelevant to this matter for the reasons noted in General Objection Nos. 2-3 above, have included attorney client communications relating to the allegations in those proceedings, facts relevant to the proceedings, discovery and motions filed in those proceedings, experts and potential experts, and legal strategies. They have also included attorney work product relating to legal and factual analyses and drafts of motions and discovery materials. All of these privileged materials generated in connection with these other Lolita-related proceedings, even if they are somehow tangentially relevant to this dispute, are protected from discovery by one or more of the privileges and immunities referenced above. *See also* General Objection No. 10 below.

Subject to these objections, Defendant states that its inadvertent production, if any, of a document that is subject to a privilege, immunity or other protective doctrine shall not be deemed a waiver of any such privilege, immunity, or protective doctrine. Nothing contained in this response is intended to be, or in any way constitutes, a waiver of any such applicable privilege, immunity, or doctrine.

10. As this pleading was prepared, Plaintiffs and Defendant verbally agreed that communications from Counsel dated on or after November 17, 2011 (the filing date of the first lawsuit among the Parties in which it was asserted that Lolita should be subject to ESA protections) shall be treated as the date of the filing of the action for purposes of Local Rule 26.1(g)(3)(C), with the result that no privilege log need be prepared with respect to communications from or to the Parties' attorneys on or after that date. Thus the following General Objection, which Defendant anticipated making, is noted as resolved:

Defendants object to Plaintiffs' Instruction No. 4 regarding the preparation of a privilege log, particularly subsections (d) and (e), on the grounds that this Instruction exceeds the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court. *See, e.g.,* Fed. R. Civ. P. 26(b)(5) and Local Rule 26.1(g)(3)(B) and (C). In addition, given the close relationship between this case and the predecessor cases between the parties noted above, the date of the filing of the action for purposes of the Local Rule's provisions regarding privilege logs should be considered the date of the filing of the first predecessor related action on November 17, 2011, or at the very latest, the filing of the predecessor AWA action raising the same pool-size, companionship, and shade claims on August 22, 2012. Under those Local Rule provisions, no privilege log is required for attorney/client communications transmitted after the filing of the action and attorney work-product created after the filing of the action. Local Rule 26.1(g)(3)(C).

11.     Defendant objects to Plaintiffs' Requests to the extent that they seek confidential and proprietary documents belonging to Defendant. Such confidential and proprietary information may include, but not be limited to, sensitive financial, operational and specialized training information of Defendant, as well as trade secrets and other Defendant treats as confidential and proprietary. The parties are in the process of negotiating and finalizing a joint protective order that will be presented to the Court for its review and consideration. Defendant will not produce any non-privileged confidential and/or propriety documents without the execution of this Protective Order which will ensure, among other things, that Defendant's confidential and proprietary documents are not used by Plaintiffs for purposes other than this litigation, such as postings on their websites, YouTube and other social media sites, use in connection various anti-captivity campaigns, or potentially used in an attempt to generate other litigation against Defendant.

12.     Defendant objects to any request that calls upon it to product documents already served on any Plaintiffs (through ECF or other means) in previous lawsuits in which Defendant and one or more Plaintiffs were opposing parties. Such documents are equally available to both sides and it would be an undue burden to require Defendant to produce them to Plaintiffs.

13.     Defendant objects to any request that calls upon it to produce documents that were submitted by one or more Plaintiffs to federal or state agencies, including NMFS, APHIS, and OSHA. Such documents are more available to Plaintiffs than to Defendant, and it would be an undue burden to require Defendant to produce them to Plaintiffs.

14.     Defendant objects to any request that calls upon it to produce documents that relate to wildlife at Miami Seaquarium other than Lolita and the Pacific white-sided dolphins in Lolita's pool. Because Lolita is the only animal with respect to which Plaintiffs allege Defendant has violated the ESA (and the entire lawsuit is under the ESA), discovery regarding Miami Seaquarium's many other species of wildlife is not proportional to the issues in the case, not reasonably calculated to lead to admissible evidence, and would impose an undue burden and expense on Defendant.

15.     With respect to the Pacific white-sided dolphins in Lolita's pool, in particular, Defendant objects to any particular requests that seek information regarding these dolphins because  the burden of obtaining the information is not proportional to any marginal relevance such information might have as to whether Defendant's care for Lolita complies with the ESA.

16.     Discovery in this case has just begun.  Defendant's Responses to Plaintiffs' Requests below are based upon documents and information currently known to Defendant. Defendant reserves the right to supplement its initial Responses to Plaintiffs' Requests based upon its further investigation and acquisition of information which it does not either possess or recall at this time.  Such supplementation, if any, shall be made only in accordance with Fed. R. Civ. P. 26(e) and/or any order entered by the Court.

17.     In advance of serving these objections, Defendant has voiced its concerns to Plaintiffs regarding the time parameters set forth in these document requests and the scope of several of the requests.  Defendant has also approached Plaintiffs regarding a reasonable solution to resolving issues relating to privilege logs and the handling of confidential documents.  Finally, Defendant has approached Plaintiffs regarding the need to reach mutually acceptable procedures regarding the handling of electronic discovery.  These discussions are still ongoing and the answers and objections set forth below are asserted in good faith since final agreements regarding the above matters have not yet been reached.  Defendant intends to continue the meet and confer process following the service of these Answers and Objections.

## RESPONSES TO INDIVIDUALLY NUMBERED REQUESTS

Where referenced in the Response to the individual Requests below, Defendant adopts and incorporates by referenced the General Objections set forth above as if fully set forth below and these General Objections shall have the same force and effect as if fully set forth in each of the individual Responses below.

**REQUEST NO. 1:  All documents related to the health and condition of Lolita, including but  not limited to any and all records concerning Lolita's medical condition, veterinary care, or medical diagnoses of Lolita, including all medical charts and notations, results of  laboratory tests, and all other documents that in any way relate to the psychological or  physical health of Lolita since 1971.**

**RESPONSE TO REQUEST NO. 1**:

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope and seeks is not relevant to any party's claim or defense in the Complaint and Amended Answer relating to Lolita's recently acquired status under the ESA and is therefore not proportional to the needs of the case.  *See* General Objections 2-3 above.  Defendant objects to this Request on the ground that it seeks confidential and proprietary information and no Protective Order has been entered in this case.  *See* General Objections 11 above.  Such confidential documents include, but are not limited to, Lolita's veterinary care documents and Defendants' animal care records.  Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials.  *See*

9

General Objections 1, 9-10 above.  In addition to these objections, Defendant further objects to this Request on the grounds that it is vague and ambiguous and does not describe the "other documents that in any way relate to the psychological…health of Lolita since 1971" with reasonable specificity to enable Defendant to respond to this portion of the Request.  Lolita is provided a detailed daily care regime generating voluminous records, all of which might "relate" to her medical condition, in that her care regime is intended to maintain her in good health.  This underscores the burden of attempting to gather all such records for Plaintiffs.

Subject to and without waiving these objections and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above, Defendant states that it will produce the veterinary records and outside lab reports for Lolita for the period November 17, 2011to the present once an appropriate Protective Order is entered in this case.  Defendant will also produce responsive electronic documents for this period of time from the custodians, data sources, date ranges and containing search terms which are currently being negotiated and will be disclosed to Plaintiffs as soon as these negotiations are concluded.  Defendant intends to make rolling productions of responsive documents, with readily available hard copy documents being produced first, followed by electronically stored information within the next 30 days.  If any privileged documents not covered by the Parties' agreement set forth in General Objection 10 are being withheld, Defendant will provide a privilege log with respect to those documents with its rolling electronic production or as reasonably soon thereafter as possible.

**REQUEST NO. 2:  All documents related to any abnormal, aberrant, or irregular behavior by Lolita.**

**RESPONSE TO REQUEST NO. 2:**

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope, seeks is not relevant to any party's claim or defense in this case which concerns whether "take" prohibited by the ESA has occurred in the very short window of time since May 11, 2015 and is not proportional to the needs of the case.  *See* General Objections 2-3 above. Defendant objects to this Request on the ground that it seeks is confidential and proprietary and no Protective Order has been entered in this case.  *See* General Objections 11 above.  Such confidential documents include, but are not limited to, Lolita's veterinary care documents and Defendant's animal behavior records. Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials.  *See* General Objections 1, 910 above.

In addition to these objections and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above, Defendant further objects to this Request on the ground that it is vague and ambiguous and does not describe the "abnormal, aberrant, or irregular" behavior referenced in this Request with reasonable specificity to enable Defendant to respond to this portion of the Request.  For example, Plaintiffs describe in their Complaint behaviors that they characterize as abnormal (*i.e.,* "bobbing" and "floating") which, according to Defendant's understanding of the terms "bobbing" and "floating," is not abnormal, aberrant, or irregular behavior for Lolita.  In addition, Defendant does not know how Plaintiffs define or characterize the adverb "listlessly" that they have used in connection with their description of Lolita's floating

behavior, so Defendant is unable to determine what, if any, responsive documents may exist.  If Plaintiffs have a more particularized definition of what they characterize as "abnormal, aberrant, or irregular" behavior that they wish to provide to Defendant, then Defendant will consider it in connection with its Response to this Request.

Subject to and without waiving these objections and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above, Defendant states that to the extent that this Request references the allegedly "abnormal, aberrant, or irregular" behaviors referenced in the Complaint (*i.e., "*bobbing" and "listlessly floating"), Defendant does not believe that it possesses any such documents.  Defendant will, however, produce the animal behavior records and veterinary records for Lolita for the period November 17, 2011 to the present once an appropriate Protective Order is entered in this case.  These records contain notations regarding Lolita's behaviors as observed by the training and veterinary staff.  Defendant will also produce responsive electronic documents for this period of time from the custodians, data sources, date ranges and containing search terms which are currently being negotiated and will be disclosed to Plaintiffs as soon as these negotiations are concluded.  Defendant intends to make rolling productions of responsive documents, with readily available hard copy documents being produced first, followed by electronically stored information within the next 30 days.  If any privileged documents not covered by the Parties' agreement set forth in General Objection 10 are being withheld, Defendant will provide a privilege log with respect to those documents with its rolling electronic production or as reasonably soon thereafter as possible.

**REQUEST NO. 3:  All documents related to any concerns or complaints regarding Lolita's physical or psychological health made by any employees, agents, contractors, representatives, or customers of Defendant, or by any member of the public.**

**RESPONSE TO REQUEST NO. 3**:

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope, seeks is not relevant to any party's claim or defense (for example, concerns or complaints by persons who lack either the professional qualifications or personal knowledge that are both needed to provide admissible testimony regarding these issues) and is not proportional to the needs of the case.  *See* General Objections 2-3 and 8 above.  The issue before the Court is not whether various individuals have personal opinions, regardless of whether they are grounded in fact or firsthand knowledge, that Lolita is being "harmed" or "harassed" in one or more vague and unspecified ways, but whether the Court believes, based on objective and competent evidence from individuals with a sufficient basis to form a reasonable opinion, whether Lolita has been allegedly "harmed" or "harassed" in the manner described in Plaintiffs' Complaint.  This Request is not in any way tailored to the allegations in the Complaint or limited to complaints or concerns, if any, from competent witnesses and therefore seeks is not relevant to any party's claim or defense.  *See* also General Objections No. 3 and 8 above.

Further, as noted in General Objections 8-9 above, Defendant has been the subject of a sustained multi-year protest and litigation campaign led by Plaintiffs which has generated thousands of writings from Plaintiffs' supports and others expressing concern regarding Lolita's health.  Attempting to assemble such communications would serve no purpose and would impose

an undue burden on Defendant.   Plaintiffs' supporters are members of the public, so the Request purports to require that all such complaints be provided.

Defendant further objects to this Request on the ground that it seeks is confidential and proprietary and no Protective Order has been entered in this case.  *See* General Objections 11 above.  Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials.  *See* General Objections 1, 9-10 above.  Subject to and without waiving these objections, Defendant states that it will produce copies of written complaints, if any, made by employees to management of Defendant regarding Lolita's health for the period November 17, 2011to the present once an appropriate Protective Order is entered in this case.  Defendant will also produce responsive electronic documents, if any, for this period of time from the custodians, data sources, date ranges and containing search terms which are currently being negotiated and will be disclosed to Plaintiffs as soon as these negotiations are concluded.   Defendant intends to make rolling productions of responsive documents, with readily available hard copy documents being produced first, followed by electronically stored information within the next 30 days.   If any privileged documents not covered by the Parties' agreement set forth in General Objection 10 are being withheld, Defendant will provide a privilege log with respect to those documents with its rolling electronic production or as reasonably soon thereafter as possible...

**REQUEST NO. 4:   All documents related to any complaints or comments regarding Lolita's behavior made by and employees, agents, contractors, representatives, or customers of Defendant, or by any member of the public.**

**RESPONSE TO REQUEST NO. 4**:

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope, seeks is not relevant to any party's claim or defense and is not proportional to the needs of the case (for example, concerns or complaints by persons who lack either the professional qualifications or personal knowledge that are both needed to provide admissible testimony regarding these issues, and concerns or comments regarding "behaviors" that are not indicative of  ESA-prohibited "take") .  *See* General Objections 2-3 and 8 above.  The issue before the Court is not whether various individuals have personal opinions, regardless of whether they are grounded in fact or firsthand knowledge, that Lolita is being "harmed" or "harassed" in one or more vague and unspecified ways, but whether the Court believes, based on objective and competent evidence from individuals with a sufficient basis to form a reasonable opinion, whether Lolita has been allegedly "harmed" or "harassed" in the manner described in Plaintiffs' Complaint.  This Request is not in any way tailored to the allegations in the Complaint or limited to complaints or concerns, if any, from competent witnesses and therefore seeks is not relevant to any party's claim or defense.

Further, as noted in General Objections 8 and 9 above, Defendant has been the subject of a sustained multi-year protest and litigation campaign led by Plaintiffs which has generated thousands of writings from Plaintiffs' supports and others expressing concern regarding Lolita's health.  Attempting to assemble such communications would serve no purpose and would impose an undue burden on Defendant.  Plaintiffs' supporters are members of the public (and in some

12

cases may also be customers who purchased tickets like other members of the public), so the Request purports to require that all such complaints be provided.

Defendant further objects to this Request on the ground that it seeks is confidential and proprietary and no Protective Order has been entered in this case.  *See* General Objections 11 above.  Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials.  *See* General Objections 1, 9-10 above.

Subject to and without waiving these objections and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above, Defendant states that it will produce complaints, if any, made by employees to management of Defendant regarding Lolita's behavior for the period November 17, 2011 to the present once an appropriate Protective Order is entered in this case. Defendant will also produce responsive electronic documents, if any, for this period of time from the custodians, data sources, date ranges and containing search terms which are currently being negotiated and will be disclosed to Plaintiffs as soon as these negotiations are concluded. Defendant intends to make rolling productions of responsive documents, with readily available hard copy documents being produced first, followed by electronically stored information within the next 30 days.  If any privileged documents not covered by the Parties' agreement set forth in General Objection 10 are being withheld, Defendant will provide a privilege log with respect to those documents with its rolling electronic production or as reasonably soon thereafter as possible.

**REQUEST NO. 5:  All documents related to any complaints or comments regarding Lolita's condition made by any employees, agents, contractors, representatives, or customers of Defendant, or by any member of the public.**

**RESPONSE TO REQUEST NO. 5:**

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope, seeks is not relevant to any party's claim or defense (for example, concerns or complaints by persons who lack either the professional qualifications or personal knowledge that are both needed to provide admissible testimony regarding these issues) and is not proportional to the needs of the case.  *See* General Objections 2-3 and 8 above. The issue before the Court is not whether various individuals have personal opinions, regardless of whether they are grounded in fact or firsthand knowledge, that Lolita is being "harmed" or "harassed" in one or more vague and unspecified ways, but whether the Court believes, based on objective and competent evidence from individuals with a sufficient basis to form a reasonable opinion, whether Lolita has been allegedly "harmed" or "harassed" in the manner described in Plaintiffs' Complaint. This Request is not in any way tailored to the allegations in the Complaint or limited to complaints or concerns, if any, from competent witnesses and therefore seeks is not relevant to any party's claim or defense.

Further, as noted in General Objections 8 and 9 above, Defendant has been the subject of a sustained multi-year protest led and litigation campaign by Plaintiffs which has generated thousands of writings from Plaintiffs' supports and others expressing concern regarding Lolita's

health.  Attempting to assemble such communications would serve no purpose and would impose an undue burden on Defendant.   Plaintiffs' supporters are members of the public (and in some cases may also be customers who purchased tickets like other members of the public), so the Request purports to require that all such complaints be provided.

Defendant further objects to this Request on the ground that it seeks is confidential and proprietary and no Protective Order has been entered in this case.  *See* General Objection 11 above.  Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials.  *See* General Objections 1, 9-10 above.  Defendant further objects to this Request on the ground that it is vague, ambiguous and does not describe the term "condition" with reasonable specificity to enable Defendant to respond to this Request.

Subject to and without waiving these objections and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above, Defendant states that it will produce the comments or complaints, if any, relating to Lolita's condition, if any, expressed by employees to Defendant's management for the period November 17, 2011 to the present once an appropriate Protective Order is entered in this case.  Defendant will also produce responsive electronic documents, if any, for this period of time from the custodians, data sources, date ranges and containing search terms which are currently being negotiated and will be disclosed to Plaintiffs as soon as these negotiations are concluded.  Defendant intends to make rolling productions of responsive documents, with readily available hard copy documents being produced first, followed by electronically stored information within the next 30 days.  If any privileged documents not covered by the Parties' agreement set forth in General Objection 10 are being withheld, Defendant will provide a privilege log with respect to those documents with its rolling electronic production or as reasonably soon thereafter as possible.

**REQUEST NO. 6:  All documents related to any analysis, study, evaluation or assessment of the effects of captivity on Lolita, or of Lolita's condition.**

**RESPONSE TO REQUEST NO. 6:**

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope, seeks is not relevant to any party's claim or defense (for example, the ESA does not prohibit captivity, so information regarding the impact of captivity very often has no relevance whatsoever to the question of whether "take" prohibited by the ESA is occurring) and is not proportional to the needs of the case**.**  *See* General Objections 2-3 and 8 above.  Defendant objects to this Request on the ground that it seeks is confidential and proprietary and no Protective Order has been entered in this case.  *See* General Objections 11 above.  Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials.  *See* General Objections 1, 9-10 above.  Defendant further objects to this Request on the ground that it is vague, ambiguous and does not describe the term "condition" with reasonable specificity to enable Defendant to respond to this Request.

14

Subject to and without waiving these objections , and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above, and assuming that Plaintiffs are referencing Lolita's physical condition, Defendant states that it does not possess any analysis, study, evaluation or assessment designed to determine the effects, if any, of captivity on Lolita.   By way of further response, Defendant states will produce the animal behavior records and veterinary records for Lolita for the period November 17, 2011to the present once an appropriate Protective Order is entered in this case.  These records contain notations regarding her behaviors as observed by the training and veterinary staff and the results of testing performed by outside laboratories. Defendant will also produce responsive electronic documents, if any, for this period of time from the custodians, data sources, date ranges and containing search terms which are currently being negotiated and will be disclosed to Plaintiffs as soon as these negotiations are concluded. Defendant intends to make rolling productions of responsive documents, with readily available hard copy documents being produced first, followed by electronically stored information within the next 30 days.  If any privileged documents not covered by the Parties' agreement set forth in General Objection 10 are being withheld, Defendant will provide a privilege log with respect to those documents with its rolling electronic production or as reasonably soon thereafter as possible.

**REQUEST NO. 7:  All documents related to the effects or impacts of the lack of orca companionship on Lolita.**

      **RESPONSE TO REQUEST NO. 7**:

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope, and not proportional to the needs of the case.  *See* General Objections 2-3 and 8 above. Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials.  *See* General Objections 1, 9-10 above.

Subject to and without waiving these objections and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above, Defendant will produce non-privileged responsive documents that are within its possession, custody or control that are responsive to this Request for the period November 17, 2011 to the present following the execution of an appropriate Protective Order in this case.  Defendant will also produce responsive electronic documents, if any, for this period of time from the custodians, data sources, date ranges and containing search terms which are currently being negotiated and will be disclosed to Plaintiffs as soon as these negotiations are concluded.  Defendant intends to make rolling productions of responsive documents, with readily available hard copy documents being produced first, followed by electronically stored information within the next 30 days.  If any privileged documents not covered by the Parties' agreement set forth in General Objection 10 are being withheld, Defendant will provide a privilege log with respect to those documents with its rolling electronic production or as reasonably soon thereafter as possible.

**REQUEST NO. 8**:  **All documents related to any efforts to obtain another orca to house with Lolita since 1980.**

### RESPONSE TO REQUEST NO. 8:

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope, seeks information concerning events in the distant past  that is not relevant  to any party's claim or defense (all claims seek prospective relief only) and is not proportional to the needs of the case.  See General Objections 2-3 and 8 above.  Defendant also objects to this Request on the ground that it seeks information that is confidential and proprietary and no Protective Order has been entered in this case.  *See* General Objections 11 above.  Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials.  See General Objections 1, 9-10 above.

Subject to and without waiving these objections, Defendant states that it does not believe that any written documents relating to these efforts made decades ago currently exist, with the exception of some documents that Defendant found on Plaintiff Orca Network's website and thus are subject to General Objection  No. 8 stated above.    However, Defendant has not yet had a reasonable opportunity to exhaust all efforts to locate such documents, if any.   If such documents are located, Defendant will supplement this response.

**REQUEST NO. 9**:  **All documents pertaining to or commenting on the size, adequacy or condition of the tank in which Lolita is housed.**

### RESPONSE TO REQUEST NO. 9:

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope, seeks is not relevant to any party's claim or defense (for example, concerns or complaints by persons who lack either the professional qualifications or personal knowledge that are both needed to provide admissible testimony regarding these issues) and is not proportional to the needs of the case.  *See* General Objections 2-3 and 8 above.  The issue before the Court is not whether various individuals have personal opinions, regardless of whether they are grounded in fact or firsthand knowledge, that Lolita's tank is allegedly too small or the conditions of the tank are allegedly harmful to Lolita, but whether the Court believes, based on objective and competent evidence from individuals with a sufficient basis to form a reasonable opinion, whether Lolita has been allegedly "harmed" or "harassed" in the manner described in Plaintiffs' Complaint.   The Court can make this determination based on the largely undisputed facts regarding the dimensions of Lolita's tank, the water quality reports for this tank, the veterinary records for Lolita and the inspection reports prepared by the Animal and Plant Inspection Service of the United States Department of Agriculture ("APHIS"), regulatory, all of which are being produced by Defendant for relevant time periods.  *See* Defendant's Responses to Request Nos. 1-5 above and 10-11, 37 and 39-40 below.  *See also* Defendant's Amended Answer and Exhibits thereto.

16

As noted in General Objection 8 above, there are thousands of public comments/complaints that state the pool is too small, many of which appear to be form letters generated by Plaintiffs' supporters. While perhaps technically responsive to the request, these documents are not relevant and obtaining them would place an undue burden and expense on Defendant that is disproportionate to the needs of this case.

Defendant also objects to this Request on the ground that it seeks information that is confidential and proprietary and no Protective Order has been entered in this case. *See* General Objections 11 above. Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials. *See* General Objections 1, 9-10 above.

Subject and without waiving these Objections and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above, all documents issued by APHIS within Defendant's possession, custody, or control regarding the size of Lolita's pool will be provided, back to the earliest documents Defendant obtained from APHIS in a Freedom of Information Act ("FOIA") request served in 2012 and 2013. These documents go back to 2004. Some or all are supplied as Exhibits to the Amended Answer. Defendant will also produce its own drawing of Lolita's pool, which includes information on the volume of the pool, and any other similar documents in its possession, custody, or control that it may be able to find. Defendant will also produce responsive electronic documents, if any, for the period November 17, 2011 from the custodians, data sources, date ranges and containing search terms which are currently being negotiated and will be disclosed to Plaintiffs as soon as these negotiations are concluded. Defendant intends to make rolling productions of responsive documents, with readily available hard copy documents being produced first, followed by electronically stored information within the next 30 days. If any privileged documents not covered by the Parties' agreement set forth in General Objection 10 are being withheld, Defendant will provide a privilege log with respect to those documents with its rolling electronic production or as reasonably soon thereafter as possible.

**REQUEST NO. 10: All documents pertaining to the concrete platform contained within the tank, which Seaquarium staff uses when displaying Lolita to the public, including but not limited to its dimensions and construction.**

**RESPONSE TO REQUEST NO. 10:**

Defendant objects to this Request to the extent it seeks is not relevant to any party's claim or defense (such as details regarding the platform's construction many decades ago when the present dimensions can be readily observed) and is not proportional to the needs of the case. *See* General Objections 2-3 and 8 above. Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials. *See* General Objections 1, 9-10 above.

Subject to and without waiving these objections and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above, Defendant states that it will produce non-

17

privileged documents within its possession, custody or control regarding the dimensions of the concrete platform in Lolita's tank and will produce hard copy drawings, if any, it may still possess regarding the construction of the platform in Lolita's tank several decades ago.  Defendant will also produce responsive electronic documents, if any, for a reasonably negotiated period of time from the custodians, data sources, date ranges and containing search terms which are currently being negotiated and will be disclosed to Plaintiffs as soon as these negotiations are concluded.  Defendant intends to make rolling productions of responsive documents, with readily available hard copy documents being produced first, followed by electronically stored information within the next 30 days.  If any privileged documents not covered by the Parties' agreement set forth in General Objection 10 are being withheld, Defendant will provide a privilege log with respect to those documents with its rolling electronic production or as reasonably soon thereafter as possible.

**REQUEST NO. 11:  All documents related to the original construction of the tank in which Lolita is housed.**

      **RESPONSE TO REQUEST NO. 11:**

Defendant objects to this Request to the extent it seeks is not relevant to any party's claim or defense (exactly how the pool was originally constructed more than 40 years ago has no evidentiary relevance when one can look at the pool as it stands now to evaluate Plaintiffs' claims for prospective-only relief) and is not proportional to the needs of the case.  *See* General Objections 2-3 and 8 above.  Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials.  *See* General Objections 1, 9-10 above.

Subject to and without waiving these objections and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above,  Defendant states that it will produce non-privileged hardcopy construction drawings , if any, it may still possess regarding the construction of the tank in which Lolita is housed several decades ago.  Defendant will also produce responsive electronic documents, if any, for a reasonably negotiated period of time from the custodians, data sources, date ranges and containing search terms which are currently being negotiated and will be disclosed to Plaintiffs as soon as these negotiations are concluded.  Defendant intends to make rolling productions of responsive documents, with readily available hard copy documents being produced first, followed by electronically stored information within the next 30 days.  If any privileged documents not covered by the Parties' agreement set forth in General Objection 10 are being withheld, Defendant will provide a privilege log with respect to those documents with its rolling electronic production or as reasonably soon thereafter as possible.

**REQUEST NO. 12:  All documents related to any planned, considered or completed alterations, renovations or reconfigurations of the tank in which Lolita is housed.**

      **RESPONSE TO REQUEST NO. 12:**

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope, seeks information regarding events in the distant past that is not relevant to any party's

claim or defense and is not proportional to the needs of the case.  See General Objections 2-3 and 8 above.  Defendant objects to this Request on the ground that it seeks information that is or may be confidential and proprietary and no Protective Order has been entered in this case.  *See* General Objections 11 above.  Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials.  *See* General Objections 1, 9-10 above.

Subject to and without waiver of these objections and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above,, Defendant will produce any non-privileged responsive documents in its possession for the period November 17, 2011 to present upon entry of an  appropriate protective order.   Defendant will also produce responsive electronic documents, if any, for this period of time from the custodians, data sources, date ranges and containing search terms which are currently being negotiated and will be disclosed to Plaintiffs as soon as these negotiations are concluded.  Defendant intends to make rolling productions of responsive documents, with readily available hard copy documents being produced first, followed by electronically stored information within the next 30 days.  If any privileged documents not covered by the Parties' agreement set forth in General Objection 10 are being withheld, Defendant will provide a privilege log with respect to those documents with its rolling electronic production or as reasonably soon thereafter as possible

**REQUEST NO. 13:  All documents related to any plans, efforts or attempts to build a new tank in which to hold Lolita, including but not limited to permit applications, the result of such applications, and correspondence with permitting bodies.**

### RESPONSE TO REQUEST NO. 13:

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope, seeks information regarding events in the distant past that is not relevant to any party's claim or defense and is not proportional to the needs of the case.  *See* General Objections 2-3 and 8 above.  Defendant objects to this Request on the ground that it seeks information that is or may be confidential and proprietary and no Protective Order has been entered in this case.  *See* General Objections 11 above.  Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials.  *See* General Objections 1, 9-10 above.

By way of further objection, Defendant notes that this Request seeks records relating to communications with a local government permitting authority in the 1990s and early 2000s, approximately 15-25 years ago and those records, if they still exist, will be difficult and costly to obtain.  Moreover, some of these documents may not be in the possession of Defendant, but may be in the possession of third parties handling these communications for Defendant.  Finally, some of these documents are as accessible to Plaintiffs as they are to Defendant, through use of Florida Freedom of Information Act requests.  Because Plaintiffs can obtain whatever filings were made with permitting bodies from those authorities with the same effort it would require Defendants to undertake the same task, Defendant should not be required to perform that task for Plaintiffs due to undue burden and expense.

19

Subject to and without waiving these objections and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above, Defendant is willing to confer with Plaintiffs about the scope of this Request and reasonable safeguards that must be employed to protect Defendant from undue burden and expense regarding a matter whose relevance, if any, is disproportionate to needs of this case involving an alleged "take" of Lolita in 2015. These efforts may include, but not be limited to, producing a witness in response to Plaintiffs' pending Rule 30(b)(6) deposition notice to testify regarding these unsuccessful efforts.

**REQUEST NO. 14: All documents related to any complaints, observations, or comments made by any employees, agents, contractors, representatives, or customers of Defendant, or by any member of the public, or officials or employees of any governmental agency, including, but not limited the United States Department of Agriculture, regarding the size, adequacy or condition of the tank in which Lolita is housed.**

### RESPONSE TO REQUEST NO. 14:

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope, seeks information (specifically complaints from thousands of persons who lack the qualifications and/or personal knowledge necessary to provide relevant information regarding the size, adequacy, or condition of Lolita's pool) that is not relevant to any party's claim or defense and is not proportional to the needs of the case. *See* General Objections 2-3 and 8 above. Defendant objects to this Request on the ground that it seeks information that is confidential and proprietary and no Protective Order has been entered in this case. *See* General Objections 11 above. Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials. *See* General Objections 1, 9-10 above.

Further, as noted in General Objections 8-9 above, Defendant has been the subject of a sustained multi-year protest and litigation campaign led by Plaintiffs which has generated thousands of writings from Plaintiffs' supports and others expressing concern regarding Lolita's health. Attempting to assemble such communications would serve no purpose and would impose an undue burden on Defendant. Plaintiffs' supporters are members of the public, so the Request purports to require that all such complaints be provided. It is also an unreasonable burden to require Defendant to assemble records of voluminous citizen complaints, when the content of a citizen complaint is not relevant evidence or reasonably calculated to lead to admissible evidence, except to the extent that the citizen complaint prompted findings by APHIS officials who visited the Park and saw Lolita and her facilities or by government agencies. Therefore, notwithstanding and without waiver of the foregoing objections and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above, Defendant will produce the results of a FOIA request in which it requested that APHIS provide citizen complaints against it and APHIS responses to those complaints, internal memoranda within APHIS relating to those complaints, and any other records it has for the time period of January, 2004 to the present regarding APHIS findings and, to the extent available, the citizen complaint that prompted the APHIS findings.

20

Furthermore, subject to and without waiving these objections, Defendant states that it will produce the animal behavior records and veterinary records for Lolita for the period November 17, 2011 to the present once an appropriate Protective Order is entered in this case. These records may contain notations regarding her tank size, adequacy and condition as observed by the training and veterinary staff. Defendant will also produce the water quality reports for Lolita's tank that will contain notations relating to the condition of the water in the tank. In addition, Defendant will produce inspection reports generated by APHIS relating to Lolita's tank and other documents within Defendant's possession relating to such inspections. In addition, Defendant will produce the results of a FOIA request it served on APHIS for citizen complaints submitted against it and APHIS responses to those complaints. Several of those documents are exhibits to the Amended Answer. Defendant will also produce responsive electronic documents, if any, for this period of time from the custodians, data sources, date ranges and containing search terms which are currently being negotiated and will be disclosed to Plaintiffs as soon as these negotiations are concluded. Defendant intends to make rolling productions of responsive documents, with readily available hard copy documents being produced first, followed by electronically stored information within the next 30 days. If any privileged documents not covered by the Parties' agreement set forth in General Objection 10 are being withheld, Defendant will provide a privilege log with respect to those documents with its rolling electronic production or as reasonably soon thereafter as possible.

**REQUEST NO. 15:   All documents related to any analysis, study, evaluation or assessment of the effect of the size or adequacy of the tank on Lolita.**

> **RESPONSE TO REQUEST NO. 15:**

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope, and is not proportional to the needs of the case. *See* General Objections 2-3 and 8 above. Defendant objects to this Request on the ground that it seeks information that is or may be confidential and proprietary and no Protective Order has been entered in this case. *See* General Objections 11 above. Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials. *See* General Objections 1, 9-10 above. Defendant further objects to this Request on the ground that it is vague, ambiguous and does not describe the term "condition" with reasonable specificity to enable Defendant to respond to this Request.

Subject to and without waiving these objections and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above, Defendant is not aware of any formal analysis, study, evaluation or assessment of the effect of the size or adequacy of the tank on Lolita. Defendant will, however, produce the animal behavior records and veterinary records for Lolita for the period November 17, 2011 to the present once an appropriate Protective Order is entered in this case. These records may contain notations regarding such matters as observed by the training and veterinary staff. Furthermore, Defendant will produce all APHIS findings regarding the size and adequacy of the tank obtained through the FOIA requested it submitted on APHIS noted above. Defendant will also produce responsive electronic documents, if any, for this period of time from the custodians, data sources, date ranges and containing search terms which are currently being negotiated and will be disclosed to Plaintiffs as soon as these

negotiations are concluded. Defendant intends to make rolling productions of responsive documents, with readily available hard copy documents being produced first, followed by electronically stored information within the next 30 days. If any privileged documents not covered by the Parties' agreement set forth in General Objection 10 are being withheld, Defendant will provide a privilege log with respect to those documents with its rolling electronic production or as reasonably soon thereafter as possible.

**REQUEST NO. 16: All documents pertaining to or commenting on the amount or manner of sunlight to which Lolita is exposed or the amount or manner of shade provided to Lolita.**

**RESPONSE TO REQUEST NO. 16:**

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope, seeks is not relevant to any party's claim or defense (for example, concerns or complaints by persons who lack either the professional qualifications or personal knowledge that are both needed to provide admissible testimony regarding these issues) and is not proportional to the needs of the case. See General Objections 2-3 and 8 above. The issue before the Court is not whether various individuals have personal opinions, regardless of whether they are grounded in fact or firsthand knowledge, that Lolita is being "harmed" or "harassed" by living in her current tank with the existing sun exposure, but whether the Court believes, based on objective and competent evidence from individuals with a sufficient basis to form a reasonable opinion, whether Lolita has been allegedly "harmed" or "harassed" in the manner described in Plaintiffs' Complaint. This Request is not in any way tailored to the allegations in the Complaint or limited to complaints or concerns, if any, from competent witnesses and therefore seeks is not relevant to any party's claim or defense.

Defendant objects to this Request on the ground that it seeks is confidential and proprietary and no Protective Order has been entered in this case. See General Objections 11 above. Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials. See General Objections 1, 9-10 above.

Subject to and without waiving these objections and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above, Defendant states that it will produce available drawings and related materials concerning the design and configuration of the Whale Stadium. *See* Response to Request Nos. 11-12 above. Defendant will also produce all available APHIS findings regarding shading issues contained in the response to the FOIA requested noted above, as well as the citizen complaints included in that FOIA response that prompted the APHIS findings. Further, APHIS inspection reports are available on the APHIS website through the present and are as accessible to Plaintiffs as they are to Defendant. Defendant will also produce responsive electronic documents, if any, for this period of time from the custodians, data sources, date ranges and containing search terms which are currently being negotiated and will be disclosed to Plaintiffs as soon as these negotiations are concluded. Defendant intends to make rolling productions of responsive documents, with readily available hard copy documents being produced first, followed by electronically stored information within the next 30 days. If any privileged

documents not covered by the Parties' agreement set forth in General Objection 10 are being withheld, Defendant will provide a privilege log with respect to those documents with its rolling electronic production or as reasonably soon thereafter as possible.

**REQUEST NO. 17:  All documents of any complaints or comments made by any employees, agents, contractor, representatives, or customers of Defendant, or by any member of the public, regarding Lolita's exposure to sunlight, or the adequacy of the shade provided to Lolita.**

### RESPONSE TO REQUEST NO. 17:

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope, seeks is not relevant to any party's claim or defense (for example, concerns or complaints by persons who lack either the professional qualifications or personal knowledge that are both needed to provide admissible testimony regarding these issues) and is not proportional to the needs of the case.  *See* General Objections 2-3 and 8 above.  The issue before the Court is not whether various individuals have personal opinions, regardless of whether they are grounded in fact or firsthand knowledge, that Lolita is being "harmed" or "harassed" by living in her current tank, but whether the Court believes, based on objective and competent evidence from individuals with a sufficient basis to form a reasonable opinion, whether Lolita has been allegedly "harmed" or "harassed" in the manner described in Plaintiffs' Complaint.  This Request is not in any way tailored to the allegations in the Complaint or limited to complaints or comments, if any, from competent witnesses and therefore seeks is not relevant to any party's claim or defense.

Defendant objects to this Request on the ground that it seeks is confidential and proprietary and no Protective Order has been entered in this case.  See General Objections 11 above.  Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials.  See General Objections 1, 9-10 above.

Subject to and without waiving these objections and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above,  Defendant states that it will produce the animal behavior records and veterinary records for Lolita for the period November 17, 2011  to the present once an appropriate Protective Order is entered in this case.  These records may contain notations regarding concerns over Lolita's exposure to sunlight, if any, observed by the training and veterinary staff.  Defendant will produce inspection reports generated by APHIS relating to Lolita's tank, shade for the tank, and other documents within Defendant's possession relating to the current shade conditions that exist at the Whale Stadium.  Further, Defendant will produce the citizen complaints included within the FOIA response provided by APHIS noted above.  Defendant will also produce responsive electronic documents, if any, for this period of time from the custodians, data sources, date ranges and containing search terms which are currently being negotiated and will be disclosed to Plaintiffs as soon as these negotiations are concluded.  Defendant intends to make rolling productions of responsive documents, with readily available hard copy documents being produced first, followed by electronically stored information within the next 30 days.  If any privileged documents not covered by the Parties' agreement set

forth in General Objection 10 are being withheld, Defendant will provide a privilege log with respect to those documents with its rolling electronic production or as reasonably soon thereafter as possible.

**REQUEST NO. 18:   All documents related to any analysis, study, evaluation or assessment of  the effects of sunlight on Lolita, or the adequacy of the shade provided to Lolita.**

**RESPONSE TO REQUEST NO. 18:**

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope, and is not proportional to the needs of the case.  *See* General Objections 2-3 and 8 above.  Defendant objects to this Request on the ground that it seeks is or may be confidential and proprietary and no Protective Order has been entered in this case.  *See* General Objections 11 above.  Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials.  *See* General Objections 1, 9-10 above.  Defendant further objects to this Request on the ground that it is vague, ambiguous and does not describe the term "condition" with reasonable specificity to enable Defendant to respond to this Request.

Subject to and without waiving these objections and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above, and assuming that Plaintiffs are referencing the effect, if any, on Lolita's physical condition, Defendant will produce the animal behavior records and veterinary records for Lolita for the period November 17, 2011 to the present once an appropriate Protective Order is entered in this case.   These records may contain notations regarding her physical condition as observed by the training and veterinary staff and the results of testing performed by outside laboratories which may comment on the effects of sunlight on Lolita.  In addition, Defendant will produce inspection reports generated by APHIS relating to Lolita's tank, shade for the tank, and other documents within Defendant's possession relating to the current shade conditions that exist at the Whale Stadium.  Further, Defendant will produce the citizen complaints included within the FOIA response provided by APHIS noted above. Defendant will also produce responsive electronic documents, if any, for this period of time from the custodians, data sources, date ranges and containing search terms which are currently being negotiated and will be disclosed to Plaintiffs as soon as these negotiations are concluded. Defendant intends to make rolling productions of responsive documents, with readily available hard copy documents being produced first, followed by electronically stored information within the next 30 days.  If any privileged documents not covered by the Parties' agreement set forth in General Objection 10 are being withheld, Defendant will provide a privilege log with respect to those documents with its rolling electronic production or as reasonably soon thereafter as possible.

**REQUEST NO. 19:  All documents related to the clarity or turbidity of the water in the tank in which Lolita is housed.**

**RESPONSE TO REQUEST NO. 19**:

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope, and is not proportional to the needs of the case (for which water clarity and turbidity is of marginal relevance at most while water quality records generally are voluminous). *See* General Objections 2-3 and 8 above Defendant objects to this Request on the ground that it seeks is or may be confidential and proprietary and no Protective Order has been entered in this case. *See* General Objections 11 above. Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials. *See* General Objections 1, 9-10 above. Defendant further objects to this Request on the ground that it is vague, ambiguous and does not describe the term "turbidity" with reasonable specificity to enable Defendant to respond to this Request.

Subject to and without waiving these objections and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above, Defendant will produce the water quality reports for Lolita's tank for the period November 17, 2011to the present once an appropriate Protective Order is entered in this case. These records contain notations regarding the results of daily sampling of the water in Lolita's tank. Defendant will also produce APHIS reports regarding water sources and the shading provided by Defendant to Lolita, as Plaintiffs' turbidity allegation appears to be in some way related to Plaintiffs' claim that shade is inadequate. Defendant will also produce responsive electronic documents, if any, for this period of time from the custodians, data sources, date ranges and containing search terms which are currently being negotiated and will be disclosed to Plaintiffs as soon as these negotiations are concluded. Defendant intends to make rolling productions of responsive documents, with readily available hard copy documents being produced first, followed by electronically stored information within the next 30 days. If any privileged documents not covered by the Parties' agreement set forth in General Objection 10 are being withheld, Defendant will provide a privilege log with respect to those documents with its rolling electronic production or as reasonably soon thereafter as possible.

**REQUEST NO. 20: All documents related to any complaints or comments made by any employees, agents, contractor, representatives, or customers of Defendant, or by any member of the public, regarding the clarity or turbidity of the water in the tank in which Lolita is housed.**

**RESPONSE TO REQUEST NO. 20:**

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope, seeks is not relevant to any party's claim or defense (for example, concerns or complaints by persons who lack either the professional qualifications or personal knowledge that are both needed to provide admissible testimony regarding these issues) and is not proportional to the needs of the case. *See* General Objections 2-3 and 8 above. The issue before the Court is not whether various individuals have personal opinions, regardless of whether they are grounded in fact or firsthand knowledge, that Lolita is being "harmed" or "harassed" by living in her current tank with the existing clarity and turbidity of the water, but whether the Court believes, based on objective and competent evidence from individuals with a sufficient basis to form a

25

reasonable opinion, whether Lolita has been allegedly "harmed" or "harassed" in the manner described in Plaintiffs' Complaint.  This Request is not in any way tailored to the allegations in the Complaint or limited to complaints or concerns, if any, from competent witnesses and therefore seeks is not relevant to any party's claim or defense.

Defendant objects to this Request on the ground that it seeks is confidential and proprietary and no Protective Order has been entered in this case.  *See* General Objections 11 above.  Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials.  *See* General Objections 1, 9-10 above.

Subject to and without waiving these objections and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above, Defendant states that it will produce the water quality reports for Lolita's tank for the period November 17, 2011 to the present once an appropriate Protective Order is entered in this case.  These records may contain notations regarding clarity and turbidity, if any, observed by the Miami Seaquarium staff that takes such samples.  In addition, subject to and without waiving these objections, Defendant will produce inspection reports generated by APHIS relating to Lolita's tank which may contain comments regarding the water quality of the tank, and other documents within Defendant's possession relating to the water conditions that exist at the Whale Stadium.  Defendant will also produce responsive electronic documents, if any, for this period of time from the custodians, data sources, date ranges and containing search terms which are currently being negotiated and will be disclosed to Plaintiffs as soon as these negotiations are concluded.  Defendant intends to make rolling productions of responsive documents, with readily available hard copy documents being produced first, followed by electronically stored information within the next 30 days.  If any privileged documents not covered by the Parties' agreement set forth in General Objection 10 are being withheld, Defendant will provide a privilege log with respect to those documents with its rolling electronic production or as reasonably soon thereafter as possible.

**REQUEST NO. 21:   All documents related to any analysis, study, evaluation or assessment of  the effects of water clarity or lack of turbidity on Lolita.**

**RESPONSE TO REQUEST NO. 21:**

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope, and is not proportional to the needs of the case.  *See* General Objections 2-3 and 8 above.  Defendant objects to this Request on the ground that it seeks is or may be confidential and proprietary and no Protective Order has been entered in this case.  *See* General Objections 11 above.  Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials.  *See* General Objections 1, 9-10 above.

Subject to and without waiving these objections and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above,, and assuming that Plaintiffs are referencing the effect, if any, on Lolita's physical condition, Defendant states that it is unaware of any analysis,

26

study, evaluation or assessment designed to determine the effects, if any, of the effects of water clarity or lack of turbidity on Lolita.  Defendant further states, however, that it will produce the animal behavior records and veterinary records for Lolita for the period November 17, 2011 to the present once an appropriate Protective Order is entered in this case.  These records may contain notations regarding the clarity and/or turbidity of the water in Lolita's tank as observed by the training and veterinary staff and the results of testing performed by outside laboratories which may comment on the effects of water clarity or lack of turbidity on Lolita.  Defendants will also produce the water quality reports for the Whale Stadium for the period November 17, 2011 to the present.  Defendant will also produce responsive electronic documents, if any, for this period of time from the custodians, data sources, date ranges and containing search terms which are currently being negotiated and will be disclosed to Plaintiffs as soon as these negotiations are concluded.  Defendant intends to make rolling productions of responsive documents, with readily available hard copy documents being produced first, followed by electronically stored information within the next 30 days.  If any privileged documents not covered by the Parties' agreement set forth in General Objection 10 are being withheld, Defendant will provide a privilege log with respect to those documents with its rolling electronic production or as reasonably soon thereafter as possible.

**REQUEST NO. 22:  All documents related to the temperature of the water in which Lolita is housed.**

**RESPONSE TO REQUEST NO. 22**:

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope, seeks not proportional to the needs of the case (for example, any relevance of water temperature does not justify collecting documents on water temperature going back a lengthy period of time when only prospective relief is sought and the ESA "take" prohibition only went into effect on May 11, 2015. *See* General Objections 2-3 above.  Defendant objects to this Request on the ground that it seeks is or may be confidential and proprietary and no Protective Order has been entered in this case.  *See* General Objections 11 above.  Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials.  *See* General Objections 1, 9-10 above.

Subject to and without waiving these objections and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above, Defendant states that the water quality records being produced in response to Request Nos. 19-20 above for the period November 17, 2011 to the present contain information relating to the temperature of the water in Lolita's tank.  Defendant will also produce responsive electronic documents, if any, for this period of time from the custodians, data sources, date ranges and containing search terms which are currently being negotiated and will be disclosed to Plaintiffs as soon as these negotiations are concluded.  Defendant intends to make rolling productions of responsive documents, with readily available hard copy documents being produced first, followed by electronically stored information within the next 30 days.  If any privileged documents not covered by the Parties' agreement set forth in General Objection 10 are being withheld, Defendant will provide a privilege log with respect to those documents with its rolling electronic production or as reasonably soon thereafter as possible.

27

**REQUEST NO. 23:  All documents related to any complaints or comments made by any employees, agents, contractors, representatives, or customers of Defendant, or by any member of the public, regarding the temperature of the water in which Lolita is housed.**

**RESPONSE TO REQUEST NO. 23:**

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope, seeks is not relevant to any party's claim or defense (for example, concerns or complaints by persons who lack either the professional qualifications or personal knowledge that are both needed to provide admissible testimony regarding these issues)  and is not proportional to the needs of the case (for example, any relevance of water temperature does not justify collecting documents on water temperature going back a lengthy period of time when only prospective relief is sought and the ESA "take" prohibition only went into effect on 5/11/15) (.  *See* General Objections 2-3 and 8 above.  Defendant objects to this Request on the ground that it seeks is or may be confidential and proprietary and no Protective Order has been entered in this case.  *See* General Objections 11 above.  Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials. *See* General Objections 1, 9-10 above.

By way of further response, Defendant states that water temperature cannot be detected by observing from the stadium; therefore only persons permitted to come inside the pool area and test the water with thermometers will have any information reasonably calculated to lead to admissible evidence.   As noted in the response to the previous requested, Defendant keeps record including water temperature and those will be provided for the time period of November 17, 2011 to the present.   Defendant will also provide APHIS reports it has in case there were any temperature readings by APHIS personnel.   Defendant has no reason to believe anyone else ever tested water temperatures.

Subject to and without waiving these objections and the and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above, Defendant will produce records it has regarding temperature for the period November 17, 2011  to the present, including both readings made by Defendant's personnel and any APHIS readings.   However, Defendant objects to being required to assemble citizen complaints and other writings from persons who did not test the water temperature themselves and so could not have any is reasonably calculated to lead to admissible evidence. Defendant will also produce responsive electronic documents, if any, for this period of time from the custodians, data sources, date ranges and containing search terms which are currently being negotiated and will be disclosed to Plaintiffs as soon as these negotiations are concluded.   Defendant intends to make rolling productions of responsive documents, with readily available hard copy documents being produced first, followed by electronically stored information within the next 30 days.   If any privileged documents not covered by the Parties' agreement set forth in General Objection 10 are being withheld, Defendant will provide a privilege log with respect to those documents with its rolling electronic production or as reasonably soon thereafter as possible.

**REQUEST NO. 24**:  **All documents related to any analysis, study, evaluation or assessment of the effects or impacts of water temperature on Lolita.**

    **RESPONSE TO REQUEST NO. 24**:

    Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope, and is not proportional to the needs of the case.  *See* General Objections 2-3 and 8 above.  Defendant objects to this Request on the ground that it seeks is or may be confidential and proprietary and no Protective Order has been entered in this case.  *See* General Objections 11 above.  Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials.  *See* General Objections 1, 9-10 above.

    Subject to and without waiving these objections and the and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above, Defendant states that it is not aware of any other any analysis, study, evaluation or assessment of the effects or impacts of water temperature on Lolita.  Defendant is aware of reports that the aquarium in Mexico City that held the killer whale Keiko let water temperatures rise too high; however, Defendant does not possess any such reports and those reports are publicly available including references to them on Plaintiff Orca Network's website.  Since Plaintiffs have equal to or greater access to these records than Defendant, Defendant should not be put to the burden and expense of attempting to gather these documents from Plaintiffs and these public sources.

    Defendant further states that, subject to the objections noted above, the water quality records being produced in response to Request Nos. 19-20 above for the period November 17, 2011 to the present contain information relating to the temperature of the water in Lolita's tank. These records may contain notations regarding the temperature of the water in Lolita's tank observed by the animal care and life support staff that take such samples.  In addition, Defendant will produce inspection reports generated by APHIS relating to Lolita's tank which may contain comments regarding the water temperature in Lolita's tank.  Defendant will also produce responsive electronic documents, if any, for this period of time from the custodians, data sources, date ranges and containing search terms which are currently being negotiated and will be disclosed to Plaintiffs as soon as these negotiations are concluded.  Defendant intends to make rolling productions of responsive documents, with readily available hard copy documents being produced first, followed by electronically stored information within the next 30 days.  If any privileged documents not covered by the Parties' agreement set forth in General Objection 10 are being withheld, Defendant will provide a privilege log with respect to those documents with its rolling electronic production or as reasonably soon thereafter as possible.

**REQUEST NO. 25**:  **All documents related to the quality or appropriateness of the water in which Lolita is housed.**

    **RESPONSE TO REQUEST NO. 25**:

    Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope, seeks is not relevant to any party's claim or defense (water quality is not an issue raised

in the Notice of Intent, and, therefore information on water quality, as distinct from the water turbidity and clarity issues inquired into by other requests, is not pertinent to the issues in the case) and is not proportional to the needs of the case. *See* General Objections 2-3 and 8 above. Defendant objects to this Request on the ground that it seeks is or may be confidential and proprietary and no Protective Order has been entered in this case. *See* General Objections 11 above.  Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials. *See* General Objections 1, 9-10 above.  Defendant further objects to this Request on the ground that it is vague, ambiguous and does not describe the term "appropriateness" with reasonable specificity to enable Defendant to respond to this Request.

Subject to and without waiving these objections and the and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above, Defendant states that it will produce the water quality reports for Lolita's tank for the  November 17, 2011   to the present once an appropriate Protective Order is entered in this case.  In producing water quality records, Defendant notes that water quality is not an issue raised in the Notice of Intent to Sue, and so is a relevant issue only to the extent that water quality might relate to the issues that are raised in the Notice of Intent (pool-size, companionship, shading). Defendant will also produce responsive electronic documents, if any, for this period of time from the custodians, data sources, date ranges and containing search terms which are currently being negotiated and will be disclosed to Plaintiffs as soon as these negotiations are concluded.  Defendant intends to make rolling productions of responsive documents, with readily available hard copy documents being produced first, followed by electronically stored information within the next 30 days.  If any privileged documents not covered by the Parties' agreement set forth in General Objection 10 are being withheld, Defendant will provide a privilege log with respect to those documents with its rolling electronic production or as reasonably soon thereafter as possible.  .

**REQUEST NO. 26:  All documents related to any complaints or comments made by any employees, agents, contractors, representatives, or customers of Defendant, or by any member of the public, regarding the quality or appropriateness of the water in which Lolita is housed.**

**RESPONSE TO REQUEST NO. 26:**

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope, seeks is not relevant to any party's claim or defense (see objection to Request No. 25) and is not proportional to the needs of the case. *See* General Objections 2-3 and 8 above.  The issue before the Court is not whether various individuals have personal opinions, regardless of whether they are grounded in fact or firsthand knowledge, that Lolita is being "harmed" or "harassed" by living in her current tank, but whether the Court believes, based on objective and competent evidence from individuals with a sufficient basis to form a reasonable opinion, whether Lolita has been allegedly "harmed" or "harassed" in the manner described in Plaintiffs' Complaint.  This Request is not in any way tailored to the allegations in the Complaint or limited to complaints or concerns, if any, from competent witnesses and therefore seeks is not relevant to any party's claim or defense.  In fact, the issue of the quality of the water in Lolita's tank is not mentioned anywhere in the Notice of Intent to File Citizen Suit or the Complaint. See Complaint.

30

Defendant objects to this Request on the ground that it seeks is confidential and proprietary and no Protective Order has been entered in this case. *See* General Objections 11 above. Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials. *See* General Objections 1, 9-10 above.

Subject to and without waiving these objections and the and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above, Defendant states that it will produce the water quality reports for Lolita's tank for the period November 17, 2015 to the present once an appropriate Protective Order is entered in this case. These records may contain notations regarding the quality of the water contained in Lolita's tank, if any, observed by Defendant's staff that take such samples. In addition, Defendant will produce inspection reports generated by APHIS relating to Lolita's tank which may contain comments regarding the water quality of the tank, and other documents within Defendant's possession relating to the water conditions that exist at the Whale Stadium. Defendant will also produce responsive electronic documents, if any, for this period of time from the custodians, data sources, date ranges and containing search terms which are currently being negotiated and will be disclosed to Plaintiffs as soon as these negotiations are concluded. Defendant intends to make rolling productions of responsive documents, with readily available hard copy documents being produced first, followed by electronically stored information within the next 30 days. If any privileged documents not covered by the Parties' agreement set forth in General Objection 10 are being withheld, Defendant will provide a privilege log with respect to those documents with its rolling electronic production or as reasonably soon thereafter as possible.

**REQUEST NO. 27:** **All documents related to any analysis, study, evaluation or assessment of the effects of water quality on Lolita.**

**RESPONSE TO REQUEST NO. 27:**

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope, seeks is not relevant to any party's claim or defense (see objection to Requests 25 and 26) and is not proportional to the needs of the case. *See* General Objections 2-3 and 8 above. Defendant objects to this Request on the ground that it is confidential and proprietary and no Protective Order has been entered in this case. *See* General Objections 11 above. Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials. *See* General Objections 1, 9-10 above.

Subject to and without waiving these objections and the and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above, Defendant states that it is not aware of any formal analysis, study, evaluation or assessment of the effects of water quality on Lolita. Defendant will, however, produce the water quality reports for Lolita's tank for the period November 17, 2011 _____ to the present once an appropriate Protective Order is entered in this case. These records may contain notations regarding the quality of the water contained in Lolita's tank, if any, observed by the animal care and life support staff that take such samples. In addition, Defendant will produce inspection reports generated by APHIS

31

relating to Lolita's tank which may contain comments regarding the water quality of the tank. Defendant will also produce responsive electronic documents, if any, for this period of time from the custodians, data sources, date ranges and containing search terms which are currently being negotiated and will be disclosed to Plaintiffs as soon as these negotiations are concluded. Defendant intends to make rolling productions of responsive documents, with readily available hard copy documents being produced first, followed by electronically stored information within the next 30 days. If any privileged documents not covered by the Parties' agreement set forth in General Objection 10 are being withheld, Defendant will provide a privilege log with respect to those documents with its rolling electronic production or as reasonably soon thereafter as possible.

**REQUEST NO. 28:  All documents related to the treatment of Lolita for sunburn, including but not limited to measures undertaken to prevent sunburn, and Lolita's exposure to substances used as sunscreen.**

      **RESPONSE TO REQUEST NO. 28**:

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope, and is not proportional to the needs of the case. *See* General Objections 2-3 and 8 above. . Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials. *See* General Objections 1, 9-10 above**.**

Subject to and without waiving these objections and the and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above, Defendant states that other than the water quality reports referenced in response to Request Nos.22-24 above which relate to the temperatures maintained in Lolita's tank and water quality in Lolita's tank, Defendant is in unaware of any documents responsive to this Request for the time period November 17, 2011 to the present. Defendant will, however, produce the veterinary records and animal behavior records for the period November 17, 2011 to the present which may make some reference to efforts to prevent sunburn. Defendant will also produce responsive electronic documents, if any, for this period of time from the custodians, data sources, date ranges and containing search terms which are currently being negotiated and will be disclosed to Plaintiffs as soon as these negotiations are concluded. Defendant intends to make rolling productions of responsive documents, with readily available hard copy documents being produced first, followed by electronically stored information within the next 30 days. If any privileged documents not covered by the Parties' agreement set forth in General Objection 10 are being withheld, Defendant will provide a privilege log with respect to those documents with its rolling electronic production or as reasonably soon thereafter as possible.

**REQUEST NO. 29:  All documents related to any analysis, study, evaluation or assessment of the effects of measures used to prevent or treat sunburn for Lolita, including but not limited to the effects of the exposure to substances used as sunscreen on Lolita or her health or condition.**

**RESPONSE TO REQUEST NO. 29:**

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope, and is not proportional to the needs of the case.  *See* General Objections 2-3 and 8 above.  .Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials.  *See* General Objections 1, 9-10 above.

Subject to and without waiving these objections and the and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above,  Defendant is unaware of any formal any analysis, study, evaluation or assessment of the effects of measures used to prevent or treat sunburn for Lolita.  Defendant further notes that it does not apply sunscreen to Lolita, but instead uses different methods that are effective in preventing sunburn.  However, subject to the execution of an appropriate Protective Order in this case, Defendant will produce the veterinary care records relating to such alternative measures for the period November 17, 2011 to the present, as well as its animal behavior records and water quality and temperature records for this same time period.  Defendant will, however, produce the veterinary records and animal behavior records for the period November 17, 2011 to the present which may make some reference to efforts to prevent sunburn. Defendant will also produce responsive electronic documents, if any, for this period of time from the custodians, data sources, date ranges and containing search terms which are currently being negotiated and will be disclosed to Plaintiffs as soon as these negotiations are concluded.  Defendant intends to make rolling productions of responsive documents, with readily available hard copy documents being produced first, followed by electronically stored information within the next 30 days.  If any privileged documents not covered by the Parties' agreement set forth in General Objection 10 are being withheld, Defendant will provide a privilege log with respect to those documents with its rolling electronic production or as reasonably soon thereafter as possible.

**REQUEST NO. 30:  All documents related to Lolita's interactions or compatibility with any non-orca in the same tank.**

**RESPONSE TO REQUEST NO. 30:**

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope, seeks is not relevant to any party's claim or defense (the issue of compatibility with non-orcas in the pool is not raised in the Notice of Intent and therefore is not part of the lawsuit) and is not proportional to the needs of the case.  *See* General Objections 2-3 and 8 above. Defendant objects to this Request on the ground that it seeks is confidential and proprietary and no Protective Order has been entered in this case.  *See* General Objections 11 above.  Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials.  *See* General Objections 1, 9-10 above.

As referenced above, the issue of incompatibility between Lolita and non-orcas in her pool is simply not raised at all in the Notice of Intent to Sue and therefore is not a relevant issue in this case, and information regarding it is not reasonably calculated to lead to admissible

evidence.  *See* Notice of Intent, p. 4 (criticizing lack of orca companion but not mentioning any incompatibility with other species present in pool).  *See* 16 U.S.C. Sec. 1540(g); *Southwest Center for Biological Diversity v. U.S. Bureau of Reclamation*, 143 F.3d 515, 521 (9th Circ. 1998).

Subject to and without waiving the above objections and the and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above, Defendant states that it will produce the animal behavior records and veterinary records for Lolita for the period November 17, 2011 to the present that contain notations regarding her interactions with non-orcas sharing her tank once an appropriate Protective Order is entered in this case.  Defendant will also produce responsive electronic documents, if any, for this period of time from the custodians, data sources, date ranges and containing search terms which are currently being negotiated and will be disclosed to Plaintiffs as soon as these negotiations are concluded.  Defendant intends to make rolling productions of responsive documents, with readily available hard copy documents being produced first, followed by electronically stored information within the next 30 days.  If any privileged documents not covered by the Parties' agreement set forth in General Objection 10 are being withheld, Defendant will provide a privilege log with respect to those documents with its rolling electronic production or as reasonably soon thereafter as possible.

**REQUEST NO. 31:  All documents related to the effects of public performances on Lolita or her  health and behavior.**

### RESPONSE TO REQUEST NO. 31:

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope and is not proportional to the needs of the case. Defendant objects to this Request on the ground that it seeks is confidential and proprietary and no Protective Order has been entered in this case.  *See* General Objections 11 above.  Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials. *See* General Objections 1, 9-10 above.

Subject to and without waiving the above objections and the and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above, Defendant states that it will produce the veterinary records and animal behavior records for Lolita for the period November 17, 2011 to the present once an appropriate Protective Order is entered in this case. Defendant will also produce responsive electronic documents, if any, for this period of time from the custodians, data sources, date ranges and containing search terms which are currently being negotiated and will be disclosed to Plaintiffs as soon as these negotiations are concluded. Defendant intends to make rolling productions of responsive documents, with readily available hard copy documents being produced first, followed by electronically stored information within the next 30 days.  If any privileged documents not covered by the Parties' agreement set forth in General Objection 10 are being withheld, Defendant will provide a privilege log with respect to those documents with its rolling electronic production or as reasonably soon thereafter as possible.

**REQUEST NO. 32:   All documents related to the effects of training for public performances on Lolita's health and behavior.**

**RESPONSE TO REQUEST NO. 32:**

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope and is not proportional to the needs of the case. Defendant objects to this Request on the ground that it seeks is confidential and proprietary and no Protective Order has been entered in this case. *See* General Objections 11 above.  Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials. *See* General Objections 1, 9-10 above.

Subject to and without waiving the above objections and the and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above, Defendant states that it will produce the veterinary records and animal behavior records for Lolita for the period November 17, 2011 to the present once an appropriate Protective Order is entered in this case.  Defendant will also produce responsive electronic documents, if any, for this period of time from the custodians, data sources, date ranges and containing search terms which are currently being negotiated and will be disclosed to Plaintiffs as soon as these negotiations are concluded. Defendant intends to make rolling productions of responsive documents, with readily available hard copy documents being produced first, followed by electronically stored information within the next 30 days.  If any privileged documents not covered by the Parties' agreement set forth in General Objection 10 are being withheld, Defendant will provide a privilege log with respect to those documents with its rolling electronic production or as reasonably soon thereafter as possible.  .

**REQUEST NO. 33: All documents related to any injuries to any person in connection with  training, performing with, or otherwise interacting with Lolita.**

**RESPONSE TO REQUEST NO. 33:**

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope, seeks is not relevant to any party's claim or defense and is not proportional to the needs of the case.  *See* General Objections 2-3 and 8 above.  This is not an OSHA proceeding.  The issue before the Court is not whether any individuals involved with the care or treatment of various may have been injured in any way in connection with their care, training or interactions with Lolita; instead, the focus of this lawsuit is whether Lolita is being "harmed" or "harassed" in the manner described in Plaintiffs' Complaint.  This Request is not in any way tailored to the allegations in the Complaint or to the issues described in Plaintiffs' Notice of Intent to File Citizen Suit.  It therefore seeks is irrelevant to the issues to be decided by this Court and is being served for no purpose other than to harass Defendant and attempt to require it to incur unnecessary fees and expenses in responding to Plaintiffs' overly broad and unduly burdensome discovery requests.  Further, the issue of injuries to trainers or other personnel was not raised in the Notice of Intent to Sue letter and therefore is not properly part of this non-employment ESA case.  *See* 16 U.S.C. Sec. 1540(g); *Southwest Center for Biological Diversity v. U.S. Bureau of Reclamation*, 143 F.3d 515, 521 (9th Circ. 1998).

Defendant also objects to this Request on the ground that it seeks is confidential and proprietary and no Protective Order has been entered in this case.  *See* General Objections 11 above.  Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials.  *See* General Objections 1, 9-10 above.

Subject to and without waiving the above objections, Defendant states that it is withholding responsive materials on the basis of the objections noted above.

**REQUEST NO. 34:  All documents related to any physical or psychological illnesses or injuries  suffered by Lolita.**

**RESPONSE TO REQUEST NO. 34:**

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope, seeks is not relevant to any party's claim or defense (such as information regarding events in a lengthy care history preceding May 11, 2015, the day the ESA "take" prohibition took effect) and is not proportional to the needs of the case.  *See* General Objections 2-3 and 8 above.  Defendant objects to this Request on the ground that it seeks is confidential and proprietary and no Protective Order has been entered in this case.  *See* General Objections 11 above.  Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials.  *See* General Objections 1, 9-10 above.

Subject to and without waiving the above objections and the and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above, Defendant states that it will produce the animal behavior records and veterinary care records for Lolita for the period November 17, 2011  to the present once an appropriate Protective Order is entered in this case. Defendant will also produce responsive electronic documents, if any, for this period of time from the custodians, data sources, date ranges and containing search terms which are currently being negotiated and will be disclosed to Plaintiffs as soon as these negotiations are concluded. Defendant intends to make rolling productions of responsive documents, with readily available hard copy documents being produced first, followed by electronically stored information within the next 30 days.  If any privileged documents not covered by the Parties' agreement set forth in General Objection 10 are being withheld, Defendant will provide a privilege log with respect to those documents with its rolling electronic production or as reasonably soon thereafter as possible.

**REQUEST NO. 35:  All documents related to any injuries suffered by any animal in the same  tank as Lolita since 2000.**

**RESPONSE TO REQUEST NO. 35:**

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope, seeks is not relevant to any party's claim or defense (Lolita is the only animal with respect to which the Notice of Intent alleges an ESA violation) and is not proportional to the

needs of the case.  *See* General Objections 2-3 and 8 above.  Defendant objects to this Request on the ground that it seeks is confidential and proprietary and no Protective Order has been entered in this case.  *See* General Objections 11 above.  Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials.  *See* General Objections 1, 9-10 above.   In addition, the issue of injury to other wildlife is not raised in the Notice of Intent to Sue letter and so is not a proper part of this case.  *See* 16 U.S.C. Sec. 1540(g); *Southwest Center for Biological Diversity v. U.S. Bureau of Reclamation*, 143 F.3d 515, 521 (9th Circ. 1998).

Subject to and without waiving the above objections, and the and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above, Defendant states that it will produce the animal behavior records and veterinary care records for Lolita for the period November 17, 2011 to the present once an appropriate Protective Order is entered in this case. These records may contain some notations regarding other wildlife in Lolita's pool.  Defendant will also produce responsive electronic documents, if any, for this period of time from the custodians, data sources, date ranges and containing search terms which are currently being negotiated and will be disclosed to Plaintiffs as soon as these negotiations are concluded. Defendant intends to make rolling productions of responsive documents, with readily available hard copy documents being produced first, followed by electronically stored information within the next 30 days.  If any privileged documents not covered by the Parties' agreement set forth in General Objection 10 are being withheld, Defendant will provide a privilege log with respect to those documents with its rolling electronic production or as reasonably soon thereafter as possible.

**REQUEST NO. 36:  All documents pertaining to or constituting any communications with the  National Marine Fisheries Service regarding Lolita since 2000.**

**RESPONSE TO REQUEST NO. 36:**

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope, and is not proportional to the needs of the case.  *See* General Objections 2-3 and 8 above.   Defendant objects to this Request on the ground that it seeks is confidential and proprietary and no Protective Order has been entered in this case.  *See* General Objections 11 above.  Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials.  *See* General Objections 1, 9-10 above.

Subject to and without waiving the above objections and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above, Defendant states that it will produce all filings made by it with NMFS relating to the petition filed by Plaintiffs to request that the wild SRKW endangered listing be expanded to include any SRKW in captivity.  Defendant's counsel has also submitted draft materials to NMFS but those materials are subject to attorney work-product protections. Defendant will also produce non-privileged responsive electronic documents, if any, for this period of time from the custodians, data sources, date ranges and containing search terms which are currently being negotiated and will be disclosed to Plaintiffs as soon as these

negotiations are concluded. Defendant intends to make rolling productions of responsive documents, with readily available hard copy documents being produced first, followed by electronically stored information within the next 30 days. If any privileged documents not covered by the Parties' agreement set forth in General Objection 10 are being withheld, Defendant will provide a privilege log with respect to those documents with its rolling electronic production or as reasonably soon thereafter as possible.

**REQUEST NO. 37:   All documents related to any analysis, study, evaluation or assessment of Lolita's care and environment made by the National Marine Fisheries Service since 2000.**

**RESPONSE TO REQUEST NO. 37:**

Defendant objects to this Request to the extent that it seeks documents that are not in the possession, custody or control of Defendant. Defendant further objects to this Request that it may seek information solely in the possession of NMFS and the burden is the same on Plaintiffs as it is Defendant to obtain this information from NMFS pursuant to a FOIA request. Subject to and without waiving these objections and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above, Defendant refers Plaintiff to the Press Release from NMFS accompanying the Final Rule issued in February, 2015. The Press Release is attached as Exhibit A to the Amended Answer. The Press Release states that any movement of Lolita would require a permit. This is the only responsive document of which Defendant is aware.

**REQUEST NO. 38: All documents pertaining to or constituting any communications with the Animal and Plant Health Inspection Service of the U.S. Department of Agriculture since  2000.**

**RESPONSE TO REQUEST NO. 38:**

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope, seeks is not relevant to any party's claim or defense (because communications with APHIS may relate to any of the Park's wildlife or the Park's licensing generally, and not specifically to Lolita) and is not proportional to the needs of the case (given the high volume of communications with APHIS and the unreasonable request for documents that are 15 years old). More specifically, this Request is not even limited to communications with APHIS regarding Lolita and appears to relate to any communications regarding any animal at the Miami Seaquarium over a 15-year period. This Request is therefore unduly burdensome and harassing. *See* General Objections 2-3 and 8 above. Defendant further objects to this Request on the ground that it seeks is confidential and proprietary and no Protective Order has been entered in this case. *See* General Objections 11 above. Defendant also objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials. *See* General Objections 1, 9-10 above. Finally, Defendant objects to this Request to the extent that is seeks documents that are not in the possession, custody or control of Defendant.

Subject to and without waiving the above objections and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above, Defendant states that it will produce any

communications with APHIS relating to whether care for Lolita complies with the Animal Welfare Act back to January 1, 2004.  Defendant will also produce non-privileged responsive electronic documents, if any, for this period of time from the custodians, data sources, date ranges and containing search terms which are currently being negotiated and will be disclosed to Plaintiffs as soon as these negotiations are concluded.  Defendant intends to make rolling productions of responsive documents, with readily available hard copy documents being produced first, followed by electronically stored information within the next 30 days.  If any privileged documents not covered by the Parties' agreement set forth in General Objection 10 are being withheld, Defendant will provide a privilege log with respect to those documents with its rolling electronic production or as reasonably soon thereafter as possible.

**REQUEST NO. 39:  All documents related to any analysis, study, evaluation or assessment of Lolita's care and environment made by the Animal and Plant Health Inspection Service  of the U.S. Department of Agriculture since 1971.**

**RESPONSE TO REQUEST NO. 39:**

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope, and is not proportional to the needs of the case.  *See* General Objections 2-3 and 8 above.   Defendant objects to this Request on the ground that it seeks is confidential and proprietary and no Protective Order has been entered in this case.  *See* General Objections 11 above.  Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials.  *See* General Objections 1, 9-10 above.  Defendant further objects to this Request to the extent that is seeks documents that are not in the possession, custody or control of Defendant.

Subject to and without waiving the above objections and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above, Defendant states that it will produce any communications with APHIS relating to whether care for Lolita complies with the Animal Welfare Act back to January 1, 2004.  Defendant will also produce non-privileged responsive electronic documents, if any, for this period of time from the custodians, data sources, date ranges and containing search terms which are currently being negotiated and will be disclosed to Plaintiffs as soon as these negotiations are concluded.  Defendant intends to make rolling productions of responsive documents, with readily available hard copy documents being produced first, followed by electronically stored information within the next 30 days.  If any privileged documents not covered by the Parties' agreement set forth in General Objection 10 are being withheld, Defendant will provide a privilege log with respect to those documents with its rolling electronic production or as reasonably soon thereafter as possible.

**REQUEST NO. 40:   All documents related to any analysis, study, evaluation or assessment of Lolita's care and environment made by any other federal, state or local government  regulatory agency since 2000.**

### RESPONSE TO REQUEST NO. 40:

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope, seeks is not relevant to any party's claim or defense and is not proportional to the needs of the case.   Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials.   *See* General Objections 1, 9-10 above.  Defendant further objects to this Request to the extent that is seeks documents that are not in the possession, custody or control of Defendant and/or about which Defendant is unaware.

Subject to and without waiving the above objections and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above, Defendant states that, other than the APHIS evaluations discussed throughout these Responses, the only other arguably responsive document is the NMFS Press Release provided as Exhibit A to the Amended Answer.  .

**REQUEST NO. 41:  All documents concerning any disciplinary measures that have been taken  by  Defendant  with  respect  to  the  treatment  of  Lolita  by  any  employee, representative,  contractor or agent of Defendant.**

### RESPONSE TO REQUEST NO. 41:

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope, seeks is not relevant to any party's claim or defense (for example, the request is not limited to matters regarding the pool-size, same-species companionship, and shade issues raised in the Notice of Intent and the Complaint) and is not proportional to the needs of the case.  *See* General Objections 2-3 and 8 above.  Defendant objects to this Request on the ground that it seeks is confidential and proprietary and no Protective Order has been entered in this case.  *See* General Objections 11 above.  Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials.  *See* General Objections 1, 9-10 above.

Subject to and without waiving the above objections and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above,, Defendant states that it is currently unaware of any documents relating to disciplinary measures that have been taken  by Defendant with respect to the treatment of Lolita by any employee, representative,  contractor or agent of Defendant..

**REQUEST NO. 42:  All documents concerning any complaints regarding the treatment of Lolita  by any employee, representative, contractor or agent of Defendant.**

### RESPONSE TO REQUEST NO. 42:

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope, seeks is not relevant to any party's claim or defense (for example, the request is not limited to matters regarding the pool-size, same-species companionship, and shade issues raised in the Notice of Intent and the Complaint) and is not proportional to the needs of the case.  *See*

General Objections 2-3 and 8 above.  Defendant objects to this Request on the ground that it seeks is confidential and proprietary and no Protective Order has been entered in this case.  *See* General Objections 11 above.  Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials.  *See* General Objections 1, 9-10 above.

Subject to and without waiving the above objections and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above, Defendant states that it will produce the animal behavior records for Lolita for the period November 17, 2011 to the present that may reference complaints or comments about the treatment of Lolita by employees of Defendant once an appropriate protective order is entered in this case.  Defendant will also produce non-privileged responsive electronic documents, if any, for this period of time from the custodians, data sources, date ranges and containing search terms which are currently being negotiated and will be disclosed to Plaintiffs as soon as these negotiations are concluded.  Defendant intends to make rolling productions of responsive documents, with readily available hard copy documents being produced first, followed by electronically stored information within the next 30 days.  If any privileged documents not covered by the Parties' agreement set forth in General Objection 10 are being withheld, Defendant will provide a privilege log with respect to those documents with its rolling electronic production or as reasonably soon thereafter as possible.

**REQUEST NO. 43:  All documents that set forth Defendant's policies or practices with respect to caring for, handling, training, controlling, correcting, or disciplining Lolita.**

**RESPONSE TO REQUEST NO. 43:**

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope.  *See* General Objections 2-3 and 8 above.  Defendant objects to this Request on the ground that it seeks is confidential and proprietary and no Protective Order has been entered in this case.  *See* General Objections 11 above.  Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials.  *See* General Objections 1, 9-10 above.

Subject to and without waiving the above objections and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above, Defendant states that it will produce relevant portions of its Animal Training Manual once an appropriate Protective Order is entered in this case.  This is the primary document used Defendant to provide guidance to trainers handling, training, controlling, correcting, or disciplining Lolita.  Defendant will also produce non-privileged responsive electronic documents, if any, for this period of time from the custodians, data sources, date ranges and containing search terms which are currently being negotiated and will be disclosed to Plaintiffs as soon as these negotiations are concluded. Defendant intends to make rolling productions of responsive documents, with readily available hard copy documents being produced first, followed by electronically stored information within the next 30 days.  If any privileged documents not covered by the Parties' agreement set forth in General Objection 10 are being withheld, Defendant will provide a privilege log with respect to

41

those documents with its rolling electronic production or as reasonably soon thereafter as possible.

**REQUEST NO. 44**: **All documents that in any way discuss, reflect, or relate to the ways in which Lolita uses the tank in which she is maintained, including, but not limited to, documents concerning how she spends her time in the tank when she is not being required to perform.**

**RESPONSE TO REQUEST NO. 44:**

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope, seeks is not relevant to any party's claim or defense (how precisely Lolita chooses to spend her time is not relevant) and is not proportional to the needs of the case (read literally, every document concerning everything Lolita ever did at any time she is not performing would be subject to production – this would be an enormous burden as Lolita spends the vast majority of her time not performing). *See* General Objections 2-3 and 8 above.  Defendant objects to this Request on the ground that it seeks is confidential and proprietary and no Protective Order has been entered in this case.  *See* General Objections 11 above.  Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials.  *See* General Objections 1, 9-10 above.

Defendant further objects to this Request to the extent that it assumes that Lolita is "required to perform." This assumption is incorrect.

Subject to and without waiving the above objections and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above, Defendant states it will produce its animal behavior records for Lolita once an appropriate Protective Order is entered in this case. Defendant will also produce non-privileged responsive electronic documents, if any, for this period of time from the custodians, data sources, date ranges and containing search terms which are currently being negotiated and will be disclosed to Plaintiffs as soon as these negotiations are concluded.  Defendant intends to make rolling productions of responsive documents, with readily available hard copy documents being produced first, followed by electronically stored information within the next 30 days.  If any privileged documents not covered by the Parties' agreement set forth in General Objection 10 are being withheld, Defendant will provide a privilege log with respect to those documents with its rolling electronic production or as reasonably soon thereafter as possible.

**REQUEST NO. 45**: **All documents related to Lolita's status as a member of a population listed  as endangered under the Endangered Species Act.**

**RESPONSE TO REQUEST NO. 45:**

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope.  *See* General Objections 2-3 and 8 above.  Defendant objects to this Request on the ground that it seeks is confidential and proprietary and no Protective Order has been entered in this case.  *See* General Objections 11 above.  Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation

42

or trial, documents that contain attorney work product, and/or expert trial preparation materials. *See* General Objections 1, 9-10 above.  Defendant objects to this Request to the extent it seeks documents on file at www.regulations.gov in the proceedings leading up to adoption of the Final Rule including Lolita in the SRKW endangered listing.   Since these records are equally accessible to Plaintiffs as they are to Defendant and the burden is the same on Plaintiffs as it is on Defendant to go to this website and obtain these documents Defendant objects to this request as being unduly burdensome and harassing.

Subject to and without waiving these objections and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above, Defendant states that it will produce Defendant's filings with NMFS on this subject.   These filings constitute Defendant's knowledge regarding this subject.   Defendant will also produce non-privileged responsive electronic documents, if any, for this period of time from the custodians, data sources, date ranges and containing search terms which are currently being negotiated and will be disclosed to Plaintiffs as soon as these negotiations are concluded.   Defendant intends to make rolling productions of responsive documents, with readily available hard copy documents being produced first, followed by electronically stored information within the next 30 days.  If any privileged documents not covered by the Parties' agreement set forth in General Objection 10 are being withheld, Defendant will provide a privilege log with respect to those documents with its rolling electronic production or as reasonably soon thereafter as possible.

**REQUEST  NO.  46:**   **All  documents  related  to  whether  Defendant's  possession  or treatment of  Lolita constitutes a "take" as defined by the Endangered Species Act.**

**RESPONSE TO REQUEST NO. 46**:

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope.  Defendant objects to this Request to the extent it seeks is not relevant to any party's claim or defense (only information regarding the pool-size, same-species companionship, and shade claims is relevant as only those matters are claimed as "take" in the Notice of Intent) and is not proportional to the needs of the case (it is unreasonably to ask Defendant to guess what documents Plaintiffs might think might relate to "take" in some way). *See* General Objections 2-3 above.  Defendant objects to this Request on the ground that it seeks is confidential and proprietary and no Protective Order has been entered in this case. *See* General Objections 11 above.  Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials. *See* General Objections 1, 9-10 above**.**  Defendant also objects to this Request to the extent that it seeks or purports to seek the production of legal authorities.

By way of further response, Defendant states that this Request is so broad and overly inclusive that it is in essence a request for "all documents having anything to do with the case" and is therefore unduly burdensome and harassing.   Subject to and without waiving these objections and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above, Defendant states the only types of alleged "take" at issue in the case are the pool-size, same-species-companionship, and shading issues raised in the Notice of Intent and Defendant, as noted in its prior responses, is willing to produce non-privileged documents relating to these

43

issues in accordance with its responses above.  To the extent that this Requests purports to go beyond these issues, it is overly broad and seeks information regarding other matters not reasonably calculated to lead to admissible evidence.  *See Southern Center for Biological Diversity, supra.*  Defendant will not produce any such irrelevant matters.

**REQUEST NO. 47:   All documents related to whether Defendant's possession or treatment of Lolita constitutes "harassment" within the meaning of the Code of Federal Regulations, including, but not limited to, all documents that in any way relate to whether Lolita is  able to engage in normal behavioral patterns of orcas in the wild.**

### RESPONSE TO REQUEST NO. 47:

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope. Defendant objects to this Request to the extent it seeks is not relevant to any party's claim or defense (only information regarding the pool-size, same-species companionship, and shade claims is relevant as only those matters are claimed as "take" in the Notice of Intent) and is not proportional to the needs of the case (it is unreasonably to ask Defendant to guess what documents Plaintiffs might think might relate to "take" in some way). *See* General Objections 2-3 above.  Defendant objects to this Request on the ground that it seeks is confidential and proprietary and no Protective Order has been entered in this case.  *See* General Objections 11 above.  Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials.  *See* General Objections 1, 9-10 above.   Defendant also objects to this Request to the extent that it seeks or purports to seek the production of legal authorities.

In addition to these objections Defendant further objects to this Request to the extent that it suggests or infers that Lolita must be "able to engage in normal behavioral patterns of orcas in the wild" in order to defeat Plaintiffs' claim of alleged harassment.  This is not the appropriate legal standard under the ESA and any suggestion or inference that it is that is imbedded in this Request is improper.

Defendant also objects to this Request on the grounds that it is so broad and overly inclusive that it is in essence a request for "all documents having anything to do with the case" and is therefore unduly burdensome and harassing.  In addition, Defendant notes that it does not contend that Lolita's life in captivity is the same as the lives of wild orcas, thus rendering this Request unduly burdensome and harassing on this additional ground.

Defendant further notes the only types of alleged "take" at issue in the case are the pool-size, same-species-companionship, and shading issues raised in the Notice of Intent and Defendant, as noted in its prior responses, is willing to produce non-privileged documents relating to these issues in accordance with its responses above.  To the extent that this Requests purports to go beyond these issues, it is overly broad and seeks information regarding any alleged harassment, such discovery seeks is not relevant nor reasonably calculated to lead to admissible evidence.  *See Southern Center for Biological Diversity, supra.*  Defendant will not produce any such irrelevant matters.

Subject to and without waiving these objections and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above, Defendant states that it is producing several categories of relevant documents in response to other more specific Requests served by Plaintiffs.  *See* Responses above.

**REQUEST NO. 48:   All documents related to whether Defendant's possession or treatment of Lolita constitutes "harm" within the meaning of the Code of Federal Regulations.**

### RESPONSE TO REQUEST NO. 48:

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope. Defendant objects to this Request to the extent it seeks is not relevant to any party's claim or defense (only information regarding the pool-size, same-species companionship, and shade claims is relevant as only those matters are claimed as "take" in the Notice of Intent) and is not proportional to the needs of the case (it is unreasonably to ask Defendant to guess what documents Plaintiffs might think might relate to "take" in some way).  *See* General Objections 2-3 above.  Defendant objects to this Request on the ground that it seeks is confidential and proprietary and no Protective Order has been entered in this case.  *See* General Objections 11 above.  Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials.  *See* General Objections 1, 9-10 above.  Defendant further objects to this Request to the extent that it seeks or purports to seek the production of legal authorities.

Defendant also objects to this Request on the grounds that it is so broad and overly inclusive that it is in essence a request for "all documents having anything to do with the case" and is therefore unduly burdensome and harassing.  In addition, Defendant notes that it does not contend that Lolita's life in captivity is the same as the lives of wild orcas, thus rendering this Request unduly burdensome and harassing on this additional ground.

Defendant further notes the only types of alleged "take" at issue in the case are the pool-size, same-species-companionship, and shading issues raised in the Notice of Intent and Defendant, as noted in its prior responses, is willing to produce non-privileged documents relating to these issues in accordance with its responses above.  To the extent that this Requests purports to go beyond these issues, it is overly broad and seeks information regarding any alleged harm, such discovery seeks is not relevant nor reasonably calculated to lead to admissible evidence.  *See Southern Center for Biological Diversity, supra*.  Defendant will not produce any such irrelevant matters.

Subject to and without waiving these objections and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above, Defendant states that it is producing several categories of relevant documents in response to other more specific Requests served by Plaintiffs.  *See* Responses above.

**REQUEST NO. 49:  All documents related to any efforts or attempts to transfer Lolita to another facility.**

    **RESPONSE TO REQUEST NO. 49:**

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope, seeks is not relevant to any party's claim or defense and is not proportional to the needs of the case.  *See* General Objections 2-3 and 8 above.  Defendant objects to this Request on the ground that it seeks is confidential and proprietary and no Protective Order has been entered in this case.  *See* General Objections 11 above.  Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials. *See* General Objections 1, 9-10 above.

Subject to and without waiving these objections, Defendant states that it is unaware of any non-privileged documents responsive to this Request for the period November 17, 2011 to the present.

**REQUEST NO. 50:  All documents that form the basis of Defendant's claims and affirmative defenses in their Answer to the Complaint.**

    **RESPONSE TO REQUEST NO. 50:**

Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials.  *See* General Objections 1, 9-10 above.  Defendant further objects to this Request to the extent that it seeks or purports to seek the production of legal authorities.   Further, the request is overbroad in that Defendant has several affirmative defenses and should not be required to assemble any document that relates to any affirmative defense.

Subject to and without waiving these objection*s* and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above**,** Defendant states that its responses to other Requests noted above will provide non-privileged documents responsive to this Request.

**REQUEST NO. 51:  All documents reflecting Defendant's gross income and net profits.**

    **RESPONSE TO REQUEST NO. 51:**

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope, seeks is not relevant to any party's claim or defense and is not proportional to the needs of the case.  *See* General Objections 2-3 and 8 above.   Plaintiffs' Complaint is a complaint for declaratory and injunctive relief.  Plaintiffs have not sought actual or consequential damages (other than the reimbursement of attorneys' fees and expert fees), nor have they asserted any claims giving rise to a claim for punitive damages.  As a result, Defendants' gross income and net profits have no bearing whatsoever on the issues raised by Plaintiffs' in their Notice of Intent and Complaint and this Request appears to be designed for no other purpose than to harass

Defendant and attempt to force Defendant to incur unnecessary trouble and expense in gathering irrelevant documents.

Defendant also objects to this Request on the ground that it seeks private is confidential and proprietary and no Protective Order has been entered in this case. *See* General Objections 11 above. Defendant further objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials. *See* General Objections 1, 9-10 above.

**Subject to and without waiving these objections and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above, Defendant states that it is not producing any documents in response to this Request, but will confer with Plaintiffs in good faith to determine whether Plaintiffs can present any colorable arguments as to how, if at all, any such documents are somehow relevant to the issues presented by them in their Complaint and Notice of Intent.**

**REQUEST NO. 52:  All documents reflecting Defendant's ticket sales.**

### RESPONSE TO REQUEST NO. 52:

Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope, seeks is not relevant to any party's claim or defense and is not proportional to the needs of the case. *See* General Objections 2-3 and 8 above. Defendant objects to this Request on the ground that it seeks is confidential and proprietary and no Protective Order has been entered in this case. *See* General Objections 11 above. Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials. *See* General Objections 1, 9-10 above

Plaintiffs' Complaint is a complaint for declaratory and injunctive relief. Plaintiffs have not sought actual or consequential damages (other than the reimbursement of attorneys' fees and expert fees), nor have they asserted any claims giving rise to a claim for punitive damages. As a result, Defendants' gross income and net profits have no bearing whatsoever on the issues raised by Plaintiffs' in their Notice of Intent and Complaint and this Request appears to be designed for no other purpose than to harass Defendant and attempt to force Defendant to incur unnecessary trouble and expense in gathering irrelevant documents. Defendant is withholding responsive materials on the basis of these objections.

Subject to and without waiving these objections and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above, Defendant states that it is not producing any documents in response to this Request, but will confer with Plaintiffs in good faith to determine whether Plaintiffs can present any colorable arguments as to how, if at all, any such documents are somehow relevant to the issues presented by them in their Complaint and Notice of Intent.

**REQUEST NO. 53:   All documents related to Defendant's advertising that includes reference to  Lolita or orcas.**

   **RESPONSE TO REQUEST NO. 53:**

   Defendant objects to this Request on the grounds that it is not reasonably limited in time or scope, seeks is not relevant to any party's claim or defense (with one exception noted below) and is not proportional to the needs of the case.  *See* General Objections 2-3 and 8 above. Defendant objects to this Request on the ground that it seeks is confidential and proprietary and no Protective Order has been entered in this case.  *See* General Objections 11 above.  Defendant objects to this Request to the extent that it seeks privileged communications with counsel, documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials.  *See* General Objections 1, 9-10 above.

   Subject to and without waiving these objections and the other procedural objections stated in General Objections 1, 4-8 and 11-13 above, Defendant states that its understanding of the sole arguable relevance of advertising arises out of Plaintiffs' allegations of standing to sue. Plaintiffs contend that they were forced to expended resources to correct misinformation about Lolita, and that this is an injury.  Because standing is determined by the facts existing as of the day of the filing of the lawsuit, Defendant will therefore agree to produce  any advertising relating to Lolita that was and still in use as of the date the lawsuit Complaint was filed (i.e., July 20, 2015).

Date:  November 25, 2015                    Respectfully submitted,

                                             _/s/ Evelyn Cobos_____
                                             Michael G. Murphy, Esq.
                                             Fla. Bar No. 139890
                                             Evelyn Cobos, Esq.
                                             Fla. Bar No. 92310
                                             murphymg@gtlaw.com
                                             GREENBERG TRAURIG, P.A.
                                             450 South Orange Ave., Suite 650
                                             Orlando, FL  32801
                                             Telephone: (407) 420-1000

                                             _____/s/ James H. Lister_____
Jennifer B. Moore, Esq.                      James H. Lister, Esq.
(Admitted *Pro hac vice*)                    (Admitted *Pro hac vice*)
moorej@gtlaw.com                             jlister@dc.bhb.com
GREENBERG TRAURIG, LLP                       Birch, Horton, Bittner & Cherot, P.C.
Terminus 200                                 1156 15th Street, NW, Suite 1020
3333 Piedmont Road NE, Suite 2500            Washington, D.C.  20005
Atlanta, GA 30305                            Telephone: (202) 659-5800
Telephone: (678) 553-2100

## CERTIFICATE OF SERVICE

I certify on November 25, 2015, I electronically served the attached document this day on counsel: Paul J. Schwiep, Esq., Coffey Burlington, P.L., 2601 South Bayshore Drive, PH, Miami, FL 33133, pschwiep@coffeyburlington.com; Jared Goodman, Esq., PETA Foundation, 1536 16th Street NW, Washington, DC 20036, jaredG@petaf.org; Matthew Strugar, Esq., PETA Foundation, 2154 W. Sunset Boulevard, Los Angeles, CA 90026, Matthew-S@petaf.org; and Caitlin Hawks, CaitlinH@petaf.org, *Counsel for Plaintiffs.*


_____/s/ James H. Lister_____
James H. Lister

49

# Exhibit K

### to

### Caitlin Hawks' Declaration in Support of Motion to Compel Production of Unredacted Documents Responsive to Plaintiffs' First and Second Sets of Requests for Production to Defendant

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  1:15-22692-UNGARO**

PEOPLE  FOR THE ETHICAL TREATMENT
OF ANIMALS, INC., ANIMAL LEGAL
DEFENSE FUND, HOWARD GARRETT, and
ORCA NETWORK,

           **Plaintiffs,**

v.

MIAMI SEAQUARIUM and FESTIVAL FUN
PARKS, LLC, d/b/a PALACE
ENTERTAINMENT,

           **Defendants.**
_____

**DEFENDANT'S ANSWERS AND OBJECTIONS TO**
**PLAINTIFFS' SECOND REQUESTs FOR PRODUCTION OF DOCUMENTS**

       Defendant Festival Fun Parks, LLC d/b/a Palace Entertainment d/b/a Miami Seaquarium ("Miami Seaquarium" or "Defendant"), pursuant to Fed. R. Civ. P. 26 and 34 and Local Rule 26.1(e), hereby responds and objects to Plaintiffs' Second Requests for Production of Documents (the "Second Requests") as follows.

**GENERAL OBJECTIONS**

       1.     Defendant objects to each of the Second Requests to the extent it seeks to impose requirements or obligations in addition to or different from those imposed by the Federal Rules of Civil Procedure and/or Local Rules of this Court.  *See, e.g.,* Definitions ¶¶ 12, 15-16, and 19 and Instructions ¶¶ 3-4 and general introductory comments.  By way of example only, Plaintiffs' Instruction No. 3 states that Defendant is obligated to file and serve supplemental responses if it obtains further or different information after the date of Defendant's initial answers to these Requests.  This instruction is inconsistent with the language of Fed. R. Civ. P 26(e) and purports to impose obligations on Defendant that are greater than those required by the Federal Rules of Civil Procedure.  Similarly, Plaintiffs' Definition Nos. 8, 13, and 19, in conjunction with Instruction No. 3, purport to require Defendant to produce trial preparation documents and expert documents that are protected from discovery by Fed. R. Civ. P. 26(b)(3) and 26(b)(4).  Finally, Plaintiffs' Instruction No. 4 exceeds the requirements of Fed. R. Civ. P. 26(b)(5).

       2.     Defendant objects to all of Plaintiffs' Requests on the ground that they are not reasonably limited in time.  In support of this objection, Defendant notes that many of Plaintiffs'

1

Requests seek the production of documents dating back a decade to 2005.[1] Several other Requests seek documents going back 45 years to These requests for documents that go back 10 and 45 years are unreasonable since Lolita was not even added to the Southern Resident Killer Whale population ("SRKW Population") protected by the Endangered Species Act ("ESA")[2] until May 11, 2015 ("ESA Listing Date").  Final Rule, 80 Fed. Reg. 7380 (Feb. 10, 2015).  As a result, any Request for documents that pre-date the ESA Listing Date, and so concern time periods before the ESA "take" prohibition went into effect, is likely to be overly broad, unduly burdensome, harassing and disproportional to the needs of this case.  It is certainly an undue burden to demand a search for documents pre-dating the earliest date any of these Plaintiffs first filed suit to seek inclusion of Lolita in the ESA listing, which was November 17 2011, almost exactly four years ago, and also 3.5 years before the ESA Listing Date.  *See Proie v. National Marine Fisheries Service*, 2012 WL 1536756, * 1 Case No. C11-5955BHS (W.D. Wash. 2012).

3.     Defendant objects to the scope of all of Plaintiffs' Requests on the grounds that these Requests are in many cases overly broad in scope, often seek nothing relevant to any party's claim or defense, and much of the ESI sought is not proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1); *see also* Local Rule 26.1(e)(4).  In support of this objection, Defendant notes that this lawsuit involves narrow claims of an alleged "take" of Lolita under the ESA.  In their pre-suit demand stating their intent to sue[4] and Complaint, Plaintiffs reference only three bases for this alleged "take" relating to: a) the size of Lolita's pool; b) the adequacy of Lolita's protection from the sun; and c) the absence of orca companions.  *See* Complaint and Notice of Intent to File Citizen Suit ("Notice of Intent") attached to the Complaint as Exhibit "A."  Plaintiffs do not seek compensatory or punitive damages (other than attorneys' fees) from Defendant; instead, they seek only declaratory and injunctive relief. *Id*.

Expansive discovery is not needed on these three core issues.  The dimensions of Lolita's pool are easily ascertainable.  The parties can likely stipulate to the dimensions of the pool or Defendant can provide a set of drawings showing the dimensions of the pool.  The absence of a sun screen over the pool is something that does not require extensive discovery.  It can be established by a simple photograph or stipulation of the parties.  The lack of an orca companion

---

[1] *See* Instruction No. 8 (all requests except Second Request Nos.  3 and 4 are without temporal limitations in the request itself, but subject to the 2005 time parameter set forth in Instruction No. 8, which inquires back 10 years into the past, while Request Nos. 3 and 4 inquire all the way back to 1971, which inquires back 44 years into the past).  While Plaintiffs may suggest that the 2005 date is reasonable since this is when the SRKW Population was added to the ESA, Lolita was specifically excluded from the listing at that time.  Also, even though Plaintiffs recently responded to Defendant's request that they limit the overly broad time parameters contained in their Requests, they have only agreed to limit a handful of Requests to the period January 1, 2010 to the present (*i.e.,* Second Request Nos. 2 and 10) and have not provided any explanation for the seemingly arbitrary cutoff date of January 1, 2010.  *See* November 20, 2015 email from Jared Goodman to James Lister, et al.  As part of the good faith meet and confer process, Defendant will continue to try and work through the parties' differences over the unreasonable time parameters suggested by Plaintiffs.

[2] The ESA was enacted in 1973.

[4] This May 11, 2015 pre-suit demand was appended to the Complaint as Exhibit A.

for Lolita is a well-known fact that can be established by public records and/or a stipulation of the parties.

Despite these easily ascertainable facts, Plaintiffs served 53 First Requests and these12 additional Second Requests requesting documents that are irrelevant to these three core issues. For example, Plaintiffs seek documents relating to Lolita's vocalizations since 1971 (*see* Second Request No. 4) even though Lolita's vocalizations were never raised in the Complaint or Plaintiffs Notice of Intent.  Plaintiffs further ask for documents relating to painting and repairs of Lolita's pool and documents relating to any construction in or renovations to the stadium area in which Lolita's pool is located (*see* Second Request No. 6-7) even though, once again, complaints about repairs to Lolita's pool and renovations to the whale stadium were never raised in either the Complaint or the Notice of Intent.  These are not the only examples of Plaintiffs seeking discovery on matters outside the scope of the Notice of Intent.  As a result, these Second Requests consist of little more than  an apparent fishing expedition into the distant past years before ESA listing went into effect in an apparent effort to uncover "facts" that may support different or additional purported "take" claims is simply not warranted.  *See, e.g., See Sw. Ctr. for Biological Diversity v. U.S. Bureau of Reclamation,* 143 F.3d 515, 521 (9th Cir. 1998)*; Nat'l Parks & Conservation Ass'n, Inc. v Tennessee Valley Auth.,* 502 F.3d 1316, 1329-30(11th Cir. 2007).

In addition,  the marginal relevance, if any, of much of the documentation sought by Plaintiffs is far outweighed by the high cost of conducting an ESI search for such irrelevant matters.  As noted above, all of Plaintiffs' Second Requests seek information going back at least a decade.  Exorbitant costs for collection, processing, review and production of ESI sufficient to respond to all of Plaintiffs' Second Requests  are not justified given the extremely narrow focus of this litigation and the limited facts needed for this Court to rule on Plaintiffs' claims for declaratory and injunctive relief as discussed above.  Defendant is currently working in good faith with Plaintiffs to reach agreements regarding the custodians, data sources and search terms to be applied in this matter

In short, given the fact that Lolita was not added to the ESA Listing until approximately five months ago, Plaintiffs' Second Requests are unreasonable in scope and should be tailored to the claims actually asserted by Plaintiffs in the Notice of Intent and Complaint and restricted to a proper time frame (*i.e.*, November, 2011 to the present, for general document requests that require searching for abstract categories of documents  *see* General Objection No. 2 above).  A slightly larger timeframe may be warranted for narrowly tailored requests for types of documents that would ordinarily be maintained in specific places.  Defendant will continue to confer with Plaintiffs about reaching reasonable compromises regarding the scope of Plaintiffs' Second Requests in an effort to avoid court intervention.

4.      Defendant objects to the Definitions and Instructions contained in Plaintiffs' Second Requests to the extent they purport to alter the plain meaning and/or scope of any specific Request, on the ground that such alteration renders the Second Requests vague, ambiguous, overbroad, and/or unduly burdensome.

5.      Defendant objects to Plaintiffs' instruction in the introductory paragraph of their Second Requests that non-privileged responsive documents must be produced at the law offices

of Plaintiffs' counsel in Miami, Florida no later than thirty days after the date of service of the Requests.  Defendant will produce non-privileged responsive documents electronically and within a reasonable period of time following the service of its Responses to these Second Requests.  Given the broad scope of several of Plaintiffs' Second Requests and the parties' current ongoing discussions relating to ESI search terms, reasonable time parameters for Plaintiffs' Requests and the scope of Plaintiffs' requested inspection, Defendant will need to produce non-privileged responsive documents on a rolling basis.

6.      Defendant objects to the Instruction No. 12 of Plaintiffs' Second Requests regarding Electronically Stored Information ("ESI") as being overly broad, unduly burdensome, harassing, and exceeding the requirements of the Federal Rules of Civil Procedure and Local Rules of this Court.  Counsel for Defendant has conferred with Plaintiffs' counsel regarding a mutually acceptable set of search terms to be used in connection with the parties' respective ESI searches and a mutually acceptable manner in which ESI records will be produced and labeled. These discussions are still ongoing as of the date of service of these Answers and Objections to Plaintiffs' Second Requests.

7.      Defendant objects to Plaintiffs' Definition Nos. 1, 12, 13 and 19, as well as Instruction Nos. 3 and 4 as overly broad, unduly burdensome and harassing to the extent they purport to require Defendants to collect, process, review or produce additional electronically stored information ("ESI") and other documents for any and all present and former employees, representatives, agents, servants, or other persons acting or purporting to act on its behalf or under its control for records dating back to 2005 and, in some instances 2000, 1980, and 1971, on the ground that such Definitions and Instructions are unduly burdensome, expensive and disproportionate to the needs of this case, particularly with respect to Second Requests regarding topics that far exceed the scope of permissible discovery in this case.  *See* General Objections 1-3 above.

8.      Defendant objects to Plaintiffs' Requests to the extent they seek or purport to seek information or documents that are already within the possession of Plaintiffs, or to which Plaintiffs have equal access, or which are in the public domain.  These include, but are not limited to, certain regulatory submissions and related documents identified by Defendant in its Initial Disclosures and photos or videos of Lolita when she is not performing taken by Plaintiffs and/or their experts (*see* Second Request Nos. 1-2).  Since Plaintiffs already possess these documents and/created some of them, Defendant should not be required to incur the expense of attempting to locate these documents on public websites and produce them back to Plaintiffs.

9.       Defendant objects to Plaintiffs' Second Requests to the extent they call for is protected from discovery by the attorney-client privilege, the attorney/litigation work-product doctrine, the trial preparation immunity doctrine, and/or any other applicable privilege, doctrine or immunity.  More specifically, Defendant has been working with inside and outside counsel with respect to this matter since the Notice of Intent was served and this action was commenced. All of these communications are protected from discovery and do not have to be listed on a privilege log.  *See* Local Rule 26.1(e)(2)(C).  In addition, Defendant has worked with inside and outside counsel in defending Plaintiffs' complaints regarding Defendant's care for Lolita since at least January 1, 2012.  These legal matters have included, but are not limited to, the following:

(a) A November 17, 2011 lawsuit by some of the Plaintiffs and others seeking to compel the inclusion of Lolita in the ESA listing from which she had been excluded in 2005, *See Proie*, 2012 WL 1536756, at * 1 (Miami Seaquarium's motion to intervene was filed in that case on January 25, 2012);

(b) August 22, 2012 lawsuit filed by Plaintiffs PETA, ALDF, and Orca Network against APHIS challenging APHIS's renewal of Defendant's Animal Welfare Act ("AWA") license by advancing the same pool-size, companionship, and shade claims against Defendant in the AWA context that Plaintiffs now advance against Defendants in this ESA lawsuit. *Animal Legal Def. Fund, v. U.S. Dept' of Agriculture*, 1:13-cv-20076-JAL (transferred to the Southern District of Florida in 2013 after being filed in 2012 in the Northern District of California)

(c) Plaintiffs' petition filed in 2013 with NMFS leading up to the issuance of the Final Rule including Lolita in the ESA listing, 80 Fed.Reg. 7,380 (Feb 10, 2015).

(d) an OSHA proceeding resulting from a complaint filed by one of the Plaintiffs in 2014 regarding interaction between Lolita and her trainers which lead to a contested OSHA matter. *See Sec' of Labor v. Marine Exhibition Corp. d/b/a Miami Seaquarium,* OSHRC Docket No. 14-1323, Occupational Safety and Health Review Commission.

Communications with counsel regarding such matters, several of which are irrelevant to this matter for the reasons noted in General Objection Nos. 2-3 above, have included attorney client communications relating to the allegations in those proceedings, facts relevant to the proceedings, discovery and motions filed in those proceedings, experts and potential experts, and legal strategies. They have also included attorney work product relating to legal and factual analyses and drafts of motions and discovery materials. All of these privileged materials generated in connection with these other Lolita-related proceedings, even if they are somehow tangentially relevant to this dispute, are protected from discovery by one or more of the privileges and immunities referenced above. *See also* General Objection No. 10 below.

Subject to these objections, Defendant states that its inadvertent production, if any, of a document that is subject to a privilege, immunity or other protective doctrine shall not be deemed a waiver of any such privilege, immunity, or protective doctrine. Nothing contained in this response is intended to be, or in any way constitutes, a waiver of any such applicable privilege, immunity, or doctrine.

10.    As Defendant's Answers and Objections to Plaintiffs' First Set of Requests for Production of Documents was prepared, Plaintiffs and Defendant verbally agreed that communications from Counsel dated on or after November 17, 2011 (the filing date of the second lawsuit among the Parties in which it was asserted that Lolita should be subject to ESA protections) shall be treated as the date of the filing of the action for purposes of Local Rule 26.1(e)(2)(C), with the result that no privilege log need be prepared with respect to communications from or to the Parties' attorneys on or after that date. Thus the following General Objection, which Defendant anticipated making, is noted as resolved:

Defendants object to Plaintiffs' Instruction No. 4 regarding the preparation of a privilege log, particularly subsections (d) and (e), on the grounds that this Instruction exceeds the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court. *See, e.g.,* Fed. R. Civ. P. 26(b)(5) and Local Rule 26.1(g)(3)(B) and (C).[5]   In addition, given the close relationship between this case and the predecessor cases between the parties noted above, the date of the filing of the action for purposes of the Local Rule's provisions regarding privilege logs should be considered the date of the filing of the second predecessor related action on November 17, 2011, or at the very latest, the filing of the predecessor AWA action raising the same pool-size, companionship, and shade claims on August 22, 2012.   Under those Local Rule provisions, no privilege log is required for attorney/client communications transmitted after the filing of the action and attorney work-product created after the filing of the action.   Local Rule 26.1(g)(3)(C).

11.    Defendant objects to Plaintiffs' Second Requests to the extent that they seek confidential and proprietary documents belonging to Defendant.   Such confidential and proprietary information may include, but not be limited to, sensitive financial, operational and specialized training information of Defendant, as well as trade secrets and other Defendant treats as confidential and proprietary.   The parties are in the process of submitting a Stipulated Protective Order that will be presented to the Court for its review and consideration.   Defendant will not produce any non-privileged confidential and/or propriety documents without the execution of  this Stipulated Protective Order which will ensure, among other things, that Defendant's confidential and proprietary documents are not used by Plaintiffs for purposes other than this litigation, such as postings on their websites, YouTube and other social media sites, use in connection various anti-captivity campaigns, or potentially used in an attempt to generate other litigation against Defendant.

12.    Defendant objects to any Second Request that calls upon it to product documents already served on any Plaintiffs (through ECF or other means) in previous lawsuits in which Defendant and one or more Plaintiffs were opposing parties.   Such documents are equally available to both sides and it would be an undue burden to require Defendant to produce them to Plaintiffs.

13.    Defendant objects to any Second Request that calls upon it to produce documents that were submitted by one or more Plaintiffs to federal or state agencies, including NMFS, APHIS, and OSHA.   *See* Second Request No. 1 (documents identified in Defendant's Initial Disclosures).   Such documents are more available to Plaintiffs than to Defendant, and it would be an undue burden to require Defendant to produce them to Plaintiffs.

14.    Discovery in this case has just begun.   Defendant's Responses to Plaintiffs' Second Requests below are based upon documents and information currently known to Defendant. Defendant reserves the right to supplement its initial Responses to Plaintiffs' Second

---

[5] The Local Rule cited in this paragraph was before the enactment of the December 1 2015 amendments to the Local Rules.

Requests based upon its further investigation and acquisition of information which it does not either possess or recall at this time.  Such supplementation, if any, shall be made only in accordance with Fed. R. Civ. P. 26(e) and/or any order entered by the Court.

15.   In advance of serving these objections, Defendant has voiced its concerns to Plaintiffs regarding the time parameters set forth in these Second Requests  and the scope of several of the requests.  Defendant has also approached Plaintiffs regarding a reasonable solution to resolving issues relating to privilege logs and the handling of confidential documents.  Finally, Defendant has approached Plaintiffs regarding the need to reach mutually acceptable procedures regarding the handling of electronic discovery.  These discussions are still ongoing and the answers and objections set forth below are asserted in good faith since final agreements regarding the above matters have not yet been reached.  Defendant intends to continue the meet and confer process following the service of these Answers and Objections.

### RESPONSES TO INDIVIDUALLY NUMBERED REQUESTS

Where referenced in the Response to the individual Second Requests below, Defendant adopts and incorporates by referenced the General Objections set forth above as if fully set forth below and these General Objections shall have the same force and effect as if fully set forth in each of the individual Responses below.

**REQUEST NO. 1:**

**All documents identified in Section B of Defendant's Rule 26(a)(1) Initial Disclosures, served in this matter on September 9, 2015.**

**RESPONSE TO REQUEST NO. 1**:

Defendant objects to this Second Request to the extent that it seeks documents not included in the amended Rule 26(a)(1) disclosures Defendant will soon be serving.  The purpose of Rule 26(a)(1) disclosures is to give the opposing party notice of categories of documents a litigant might rely upon.  Thus Rule 26(a)(1) disclosures served at the outset of the case, before issues are refined by actual litigation, may be considerably broader than amended Rule 26(a)(1) disclosures served later in the case.  Given Defendant's intent to narrow the scope of its Initial Disclosures in the near future, it would impose a disproportionate burden to require Defendant to produce documents that it no longer includes in its current Rule 26(a)(1) disclosures, because those documents are no longer documents it may use a trial.

Defendant further objects to producing documents that are described with sufficient specificity in the Initial Disclosures to allow Plaintiffs to obtain copies of them just as readily as Defendant can.   This would include documents obtained from Plaintiffs' own websites, documents published by regulatory agencies, and court filings in prior litigation among the parties.  It imposes an undue burden to require Defendant to obtain for Plaintiffs copies of well-described and readily available documents that Plaintiffs can easily obtain for themselves.

Subject to and without waiver of these objections, Defendant will produce documents described in Section B of its amended Rule 26(a)(1) Amended Initial Disclosures, which will be served in the near future, unless such documents (a) were obtained from Plaintiffs' own websites, (b) are published by government agencies, or (c) are included in court filings in litigation among the parties.  This production will be part of the rolling production.

REQUEST NO. 2:  **All photographs and/or videos taken of Lolita while she is not performing.**

**RESPONSE TO REQUEST NO. 2**:

Defendant objects to this Second Request on the grounds that it is not reasonably limited in time or scope, seeks is not relevant to any party's claim or defense in this case which concerns whether "take" prohibited by the ESA has occurred in the very short window of time since May 11, 2015 and is not proportional to the needs of the case.  *See* General Objections 2-3 above. Defendant objects to this Second Request on the ground that it seeks proprietary materials and no Protective Order has been entered in this case.  *See* General Objections 11 above.  Defendant objects to this Second Request to the extent that it seeks documents prepared in anticipation of litigation or trial, documents that contain attorney work product, and/or expert trial preparation materials.  *See* General Objections 1, 9-10 above.  Defendant objects to this Second Request in that it is overly broad and burdensome.

Subject to and without waiving these objections and the other procedural objections stated in General Objections above, Defendant will produce all photographs and videos maintained in Defendant's veterinary files or published by Defendant (on its website or otherwise) or created for promotional materials for the period November 17, 2011 to the present once an appropriate Stipulated Protective Order is entered in this case.  This will be part of a rolling production of documents.

REQUEST NO. 3:  **All photographs, videos, and measurements taken of Lolita's teeth since 1971.** .

**RESPONSE TO REQUEST NO. 3**:

Defendant objects to this Second Request on the grounds that it is not reasonably limited in time or scope, seeks is not relevant to any party's claim or defense and is not proportional to the needs of the case.  *See* General Objections 2-3 and 8 above.  This Request is not in any way tailored to the allegations in the Complaint and therefore seeks is not relevant to any party's claim or defense.  *See* also General Objections above.  Defendant objects to this Second Request in that it is overly broad and burdensome.

Subject to and without waiver of the foregoing objections, Defendant will produce all photographs, measurements, and videos of Lolita's teeth maintained in Defendant's veterinary files since November 17, 2011.  This will be part of the rolling production of documents.  *See also* the discussion of Lolita's teeth by APHIS officials in Exhibit E to Defendant's Amended Answer.

REQUEST NO. 4:  **All documents related to Lolita's vocalizations since 1971.**

8

### RESPONSE TO REQUEST NO. 4:

Defendant objects to this Second Request on the grounds that it is not reasonably limited in time or scope, seeks is not relevant to any party's claim or defense and is not proportional to the needs of the case. *See* General Objections 2-3 and 8 above. This Request is not in any way tailored to the allegations in the Complaint and therefore seeks is not relevant to any party's claim or defense. *See* also General Objections above. Defendant objects to this request in that it is overly broad and burdensome. Defendant further objects to this request in that the term "vocalizations" is vague and ambiguous and does not describe the requested information with reasonable specificity.

Subject to and without waiving the foregoing objections, Defendant will produce any audio recordings of Lolita recorded or retained by Defendant's veterinary department since November 17, 2011. This will be part of the rolling production of documents.

REQUEST NO. 5: **All documents related to enrichment or "toys" given to Lolita, including but not limited to any documents identifying such items, when each was implemented, and Lolita's reaction to them.**

### RESPONSE TO REQUEST NO. 5:

Defendant objects to this Second Request on the grounds that it is not reasonably limited in time or scope, and seeks information that is not proportional to the needs of the case. *See* General Objections 2-3 and 8 above. Defendant further objects to this request in that the terms "enrichment" is vague and ambiguous and does not describe the requested documents with reasonable specificity.Subject to and without waiver of the foregoing objections, Defendant will produce trainer logs since November 17, 2011, following entry of a protective order in this case. These logs will be part of the rolling production of documents. Please also see Exhibits C and G to Defendant's Admitted Answer, which are documents in which APHIS officials discuss enrichment objects provided by trainers to Lolita.

**REQUEST NO. 6: All documents related to physical maintenance of the tank, including but not limited to painting or repairs.**

**RESPONSE TO REQUEST NO. 6:** Defendant objects to this Second Request on the grounds that it is not reasonably limited in time or scope, seeks documents not relevant to any party's claim or defense and is not proportional to the needs of the case and is not in any way tailored to the allegations in the Complaint. *See* also General Objections above. Defendant objects to this request in that it is overly broad and burdensome. Defendant also objects to this request for production as it is unclear as to the scope of Plaintiffs' vague reference to "physical maintenance" of Lolita's pool. Plaintiffs' Notice of Intent does not raise issues regarding pool maintenance and therefore such issues are not part of the case.

Subject to and without waiver of the foregoing objections, Defendant will produce documents maintained by it evidencing ordinary maintenance work for a reasonable period of time sufficient to cover a normal maintenance cycle (but not back to earlier than November 17,

2011), and will also provide documents relating to any substantial non-routine maintenance work back to November 17, 2011.  This will be part of the rolling production of documents.

**REQUEST NO. 7:  All documents related to construction in or renovations to the stadium area in which Lolita's tank is located.**

  **RESPONSE TO REQUEST NO. 7**:

  .  Defendant objects to this Second Request on the grounds that it is not reasonably limited in time or scope, seeks documents not relevant to any party's claim or defense, and not proportional to the needs of the case.  *See* General Objections 2-3 and 8 above.  Defendant further objects to this Second Request in that it is not reasonably calculated to lead to the discovery of admissible evidence.  In support of this objection, Defendant notes that in Plaintiffs' First Request No. 12,

  Plaintiffs served a similar Request seeking "All documents related to any planned, considered or completed alterations, renovations or reconfigurations of the tank [pool] in which Lolita is housed."  First Set of Requests for Production of Documents, Request 12.    By comparison then, this Second Request No. 7 seeks documents regarding construction in or renovation to the stadium in which Lolita's pool is housed, as opposed to construction or renovations regarding the pool.  For example, this Second Request No. 7 arguably   seeks documents  relating to  the construction of a water fountain for the use of customer's within the stadium.  Given the existence of  First Request No. 12, , which focuses on the pool in which Lolita resides, this request for other non-pool-related documents   concerning the stadium is particularly disproportional  to the needs of the case and thus particularly objectionable.

   Subject to and without waiving these objections and the other procedural objections stated in General Objection, Defendant will produce responsive documents generated since November 17, 2011 regarding stadium construction or renovations affecting Lolita's pool.  This will be part of the rolling production of documents.     Based on the foregoing objection, documents regarding stadium construction or renovation that do not affect the pool in any way or for time periods prior to November 17, 2011 will not be produced.

**REQUEST NO. 8:  All documents related to the dimensions of any holding tank, holding area, annex, or any enclosure or area in which in Lolita is temporarily placed.**

 **RESPONSE TO REQUEST NO. 8**:

  Defendant objects to this Second Request on the grounds that it is not reasonably limited in time or scope, and not proportional to the needs of the case.  *See* General Objections 2-3 and 8 above.  Further, the same information (discussion and description of how the pool can be divided into "A" and "B" pools temporarily for husbandry purposes) is much more easily obtained through reviewing Defendant's answer to Plaintiffs' Interrogatories Nos 1 and 2, both of which are being answered fully by Defendant.

  Subject to and without waiving these objections and the other procedural objections stated in General Objection, Defendant (following entry of a Stipulated Protective Order) will

produce trainer and veterinary logs for Lolita from November 17, 2011 to the present.  This will be part of the rolling production of documents.  These documents may provide some insight, but the more direct answer will be the response to Interrogatory No. 1 (which seeks a detailed description of pool facilities) and Interrogatory No. 2 (which discusses when Lolita has access to the entire pool facility rather than part of it).

**REQUEST NO. 9:**

**All documents related to the duration of time for which Lolita is placed any holding tank, holding area, annex, or any enclosure or area in which Lolita is temporarily placed.**

> **RESPONSE TO REQUEST NO. 9**:

Defendant objects to this Second Request on the grounds that it is not reasonably limited in time or scope, and is not proportional to the needs of the case.  *See* General Objections 2-3 and 8 above.   Further, the same information (amount of time Lolita has access to the entire pool rather than just the "A" or "B" pool) is much more easily obtained through reviewing Defendant's answer to Plaintiffs' Interrogatories Nos 1 and 2, both of which are being answered fully by Defendant.

Subject to and without waiving these objections and the other procedural objections stated in General Objection, Defendant (following entry of a Stipulated Protective Order) will produce trainer and veterinary logs for Lolita for all periods since November 17, 2011. This will be part of the rolling production of documents.   These documents may provide some insight, but the more direct answer will be the response to Interrogatory No. 1 (which seeks a detailed description of pool facilities) and Interrogatory No. 2 (which discusses when Lolita has access to the entire pool facility rather than part of it).   *See also* Defendant's Response to Second Request No. 9 above.

**REQUEST NO. 10:**

**All documents related to Lolita's behavior, including but not limited to what may be considered "behavioral logs" or "trainer logs."**

> **RESPONSE TO REQUEST NO. 10**:

Defendant objects to this Second Request on the grounds that it is not reasonably limited in time or scope, and is not proportional to the needs of the case.  *See* General Objections 2-3 and 8 above.

Subject to and without waiving these objections and the other procedural objections stated in General Objection above, Defendant will produce trainer logs and veterinary logs since November 17, 2011 once an appropriate Stipulated Protective Order is entered in this case.  This will be part of the rolling production of documents.

**REQUEST NO. 11**:  **All documents related to the administration of drugs to Lolita, including but not limited to hormonal treatments and those used or intended for use to prevent or treat anxiety, depression, or ulcers.**

**RESPONSE TO REQUEST NO. 11:**

Defendant objects to this Second Request on the grounds that it is not reasonably limited in time or scope, and is not proportional to the needs of the case.  *See* General Objections 2-3 and 8 above.

Subject to and without waiving these objections and the other procedural objections stated in General Objection above, Defendant will produce the veterinary logs for Lolita since November 17, 2011 once an appropriate Protective Order is entered in this case.  This will be part of the rolling production of documents.

**REQUEST NO. 12**:  **All documents related to any administration of freshwater to Lolita by intubation or in any other manner.**

**RESPONSE TO REQUEST NO. 12:**

Defendant objects to this Second Request on the grounds that it is not reasonably limited in time or scope, and is not proportional to the needs of the case.  *See* General Objections 2-3 and 8 above.

Subject to and without waiving these objections and the other procedural objections stated in General Objection above, Defendant will product the veterinary and trainer records generated since November 17, 2011 once an appropriate Protective Order is entered in this case. . This will be part of the rolling production of documents.

12

Date:  December  8,  2015                  Respectfully submitted,

                                            _____/s/ Evelyn Cobos_____
                                            Michael G. Murphy, Esq.
                                            Fla. Bar No. 139890
                                            Evelyn Cobos, Esq.
                                            Fla. Bar No. 92310
                                            murphymg@gtlaw.com
                                            GREENBERG TRAURIG, P.A.
                                            450 South Orange Ave., Suite 650
                                            Orlando, FL  32801
                                            Telephone: (407) 420-1000


                                            _____/s/ James H. Lister_____
Jennifer B. Moore, Esq.                     James H. Lister, Esq.
(Admitted *Pro hac vice*)                   (Admitted *Pro hac vice*)
moorej@gtlaw.com                            jlister@dc.bhb.com
GREENBERG TRAURIG, LLP                      Birch, Horton, Bittner & Cherot, P.C.
Terminus 200                                1156 15th Street, NW, Suite 1020
3333 Piedmont Road NE, Suite 2500           Washington, D.C.  20005
Atlanta, GA 30305                           Telephone: (202) 659-5800
Telephone: (678) 553-2100




## CERTIFICATE OF SERVICE

I certify on December 8 , 2015, I electronically served the attached document this day on counsel: Paul J. Schwiep, Esq., Coffey Burlington, P.L., 2601 South Bayshore Drive, PH, Miami, FL 33133, pschwiep@coffeyburlington.com; Jared Goodman, Esq., PETA Foundation, 1536 16th Street NW, Washington, DC 20036, jaredG@petaf.org; Matthew Strugar, Esq., PETA Foundation, 2154 W. Sunset Boulevard, Los Angeles, CA 90026, Matthew-S@petaf.org; and Caitlin Hawks, CaitlinH@petaf.org, *Counsel for Plaintiffs.*

                                            ___/s/ James H. Lister___
                                            James H. Lister