IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 15-cv-22692-Ungaro/Otazo-Reyes

**PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., ANIMAL LEGAL DEFENSE FUND, HOWARD GARRETT, AND ORCA NETWORK,**

          **Plaintiffs,**

v.

**MIAMI SEAQUARIUM and FESTIVAL FUN PARKS, LLC, d/b/a PALACE ENTERTAINMENT,**

          **Defendants.**

**PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATING TO ADDITIONAL OBSERVATION OF LOLITA BY DEFENDANT'S PROFFERED EXPERTS**

On November 11, 2015, Plaintiffs People for the Ethical Treatment of Animals, Inc., Animal Legal Defense Fund, Howard Garrett, and Orca Network ("Plaintiffs") served on Defendant a Rule 34 Request for Entry upon Land and Inspection of Orca and Facilities (the "Inspection Request"), seeking to physically examine Lolita, the endangered orca at the core of this litigation, and to allow Plaintiffs' experts to observe her behavior over a multiple-day period. Defendant refused to allow Plaintiffs' inspection to proceed as requested.

After a period of unsuccessful negotiation, Plaintiffs were forced to file a motion to compel site inspection (ECF No. 46) (the "Motion for Inspection") on January 6, 2016. In opposing Plaintiffs' motion, Defendant argued that the inspection should be limited to six hours on a single day and that it should exclude any overnight observation. On January 15, 2016, Magistrate Judge Otazo-Reyes entered an order granting, in part, Plaintiffs' motion and directing

Defendant to allow a nine hour inspection, including three overnight hours. (ECF No. 59.) That inspection was held on January 20, 2016.

Now, despite arguing to the Court that a shortened, single-day inspection was sufficient for *Plaintiffs'* experts to gather necessary evidence, Defendant itself seeks to rely on the observations of its own experts conducted on multiple occasions outside of the nine hour January 20, 2016 inspection in which Plaintiffs were permitted to participate. Allowing evidence arising out of these additional inspections at trial would be grossly prejudicial to Plaintiffs. Accordingly, Plaintiffs, by and through their undersigned counsel, hereby respectfully move *in limine* to exclude evidence and argument related to and arising out of any observation of Lolita by Defendant's experts that occurred outside of the January 20, 2016 court ordered inspection. Plaintiffs incorporate the below memorandum of law in support of this Motion.

**I.      STATEMENT OF FACTS**

**A.      The Request for Inspection**

This lawsuit seeks to enjoin Defendant's ongoing "take" of Lolita under the ESA by confining her to a small, shallow, barren concrete tank, without adequate protection from the sun, and without a single orca companion. (Complaint, ECF No. 1, ¶¶ 1-72; *see also* U.S.C. § 1532(19) (defining "take" to include "harass, harm, pursue, hunt, shoot, wound, kill, trap, capture, or collect, or to attempt to engage in such conduct"); 50 C.F.R. § 17.3 (defining "harm" and "harass").) In their Request for Inspection, Plaintiffs thus sought entry upon Defendant's property for a period of four days in order to observe and analyze the core issues in this case: Lolita's physical and psychological health, and the portions of the Miami Seaquarium facility relating to her care (including, but not limited to, the tank in which Lolita is held). (*See* Declaration of Jared Goodman in Support of Plaintiffs' Motion to Compel Inspection of Miami Seaquarium ("Goodman Decl.") (ECF No. 46-1), ¶ 6, Ex. B.)

In a letter sent on November 25, 2015, Defendant denied essentially every element of the requested inspection, and indicated that it wished to limit the duration of the inspection to four daytime hours. (*See* Goodman Decl. ¶ 9, Ex. D.) In addition, Defendant explicitly objected to Plaintiffs taking any measurements of Lolita's pool, stating:

> No measuring or other equipment is to be placed on Lolita or in the pool or anywhere within the reach of Lolita or the dolphins. No lasers (e.g. measuring equipment lasers) to be pointed in Lolita's direction from outside the enclosure.").

(*Id.* at 9.) After more than a month of negotiations between the Parties, Defendant *still* refused to allow inspection to occur on more than a single day, and sought to limit the inspection period to a mere six hours. (*Id.* ¶ 15, Ex. I .) Plaintiffs therefore sought the assistance of the Court in securing an adequate inspection.

On January 6, 2016, Plaintiffs filed their Motion for Inspection. (ECF No. 46.) In opposing that motion, Defendant stated "Plaintiffs will have ample opportunity to observe Lolita during the 6-hour time period that Defendant is still willing to permit."[1] (ECF No. 52 at 14.) On January 15, 2016, Magistrate Judge Otazo-Reyes granted, in part, Plaintiffs' Motion for Inspection and directed Defendant to allow Plaintiffs to observe Lolita for a period of nine hours, including three overnight hours, however the inspection was still required to occur on only a single day, January 20, 2016. (ECF No. 59.)

Two of Defendant's experts, Clinton Thad Lacinak and Michael S. Renner, were present at the inspection. Defendant's other experts, Grey Stafford, Jeffrey Stott, and Mark Simmons, declined to participate. The inspection included an examination of Lolita by Defendant's veterinarian, Dr. Maya Rodriguez, which both Mr. Lacinak and Dr. Renner were permitted to observe.

### B.  Defendant's Experts' Additional Inspections

On February 8, 2016, Defendant served on Plaintiffs the opening expert report of Michael S. Renner, DVM. In that report, Dr. Renner describes an opportunity he was given to observe Lolita outside of the January 20, 2016 inspection period at which Plaintiffs were present. He states, "I had the opportunity to observe a physical examination of Lolita (by the attending Miami Seaquarium veterinarian) on January 7, 2016." (Letter from Michael S. Renner, DVM, to James Lister, dated February 7, 2016 and served on February 8, 2016 ("Renner Report"), attached hereto as <u>Exhibit A</u>.)

---

[1] Notably, Defendant's own expert, Clinton Thad Lacinak, contradicted this assertion in his deposition (*See* Plaintiffs' Motion to Exclude Improper Opinion Testimony by Clinton Thad Lacinak (ECF No. 112), Ex. B at 118:7-14 ("Q. [ ] Did you observe Lolita engage in any stereotypic behavior? A. I think it would take a lot longer than any of the time that I was there or that anybody else was there to determine that. In fact, I think it would take months of observing the animal to be able to figure that out.").)

Similarly, in a declaration filed in support of Defendant's March 11, 2016 Motion for Summary Judgment, Defendant's proffered expert S. Grey Stafford describes yet another inspection. Dr. Stafford's inspection included measuring Lolita's pool. He stated:

> Although my schedule did not permit a site visit in advance of submitting my Report, on March 5, 2016, I traveled to Miami Seaquarium from my home in Arizona. I spent several hours at Lolita's pool that day. I measured the pool, viewed the animals, and examined the shading arrangements first-hand.

(ECF No. 130.)

## II.    ARGUMENT

"[M]otions *in limine*, while not expressly prescribed by the Federal Rules of Evidence, have arisen out of 'the district court's inherent authority to manage the course of trials.'" *Royale Green Condo. Ass'nn, Inc. v. Aspen Specialty Ins. Co.*, No. 07-CIV-21404, 2009 WL 2208166, at *1 (S.D. Fla. July 24, 2009) (quoting *Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984)). "'The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Id.* (quoting *Highland Capital Management, L.P. v. Schneider*, 551 F.Supp. 2d 173, 176 (S.D.N.Y. 2008)).

As Southern District of Florida courts have recognized, the Federal Rules of Civil Procedure unquestionably provide for the exclusion of evidence not provided to the opposing side in response to a proper request. "Rule 37(c)(1) provides that '[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use [the] information or the witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.'" *Young v. Lexington Ins. Co.*, 269 F.R.D. 692, 693 (S.D. Fla. 2010) (alterations in original). Moreover, "'[i]t is well settled that Fed. R. Civ. P. 37(c)(1) mandates that a trial court sanction a party for discovery violations in connection with Rule 26 [by excluding the pertinent evidence], unless the violation was harmless or substantially justified.'" *Id.* (quoting *Saewitz v. Lexington Ins. Co.*, 2003 U.S. Dist. LEXIS 27568 at *5 (S.D. Fla. Oct. 21, 2003)); *see also Gottstein v. Flying J, Inc.*, No. CV 00–BU–3252–S, 2001 WL 36102290, at *3, (N.D. Ala. Sep. 27, 2001) ("The sanction of exclusion for failure to disclose . .. is self-executing and automatic unless the nondisclosing party demonstrates that the failure to disclose was 'substantially justified' or 'harmless'").

The appropriateness of excluding evidence not provided in discovery is all the more stark where, as here, the party seeking to introduce evidence actually *opposed a motion* that sought access to it. As Defendant well knows, Plaintiffs requested, on multiple occasions, to observe Lolita over the course of more than a single day, engaging in lengthy negotiations in an effort reach a compromise that would allow them adequate time to observe Lolita's behaviors. Defendant nevertheless obstinately maintained that a multiple-day inspection was not necessary. Rather, they contended, "Plaintiffs will have ample opportunity to observe Lolita during the 6-hour time period that Defendant is still willing to permit." (ECF No. 52 at 14.) The Court ultimately found that Defendant's proposed period was too short, granting Plaintiffs the right to inspect Lolita for nine full hours, including three hours overnight. (ECF No. 59.) However, as Defendant requested, the ultimate inspection was only permitted to occur during a single day, on January 20, 2016.

Defendant should not now be permitted to dispute Plaintiffs' claims using evidence gathered by its experts during additional inspection days that Defendant argued—in Court filings—should not be granted to Plaintiffs and were not necessary for Plaintiffs' experts. Plaintiffs were not notified of and did not attend the January 7, 2016 examination of Lolita observed by Dr. Renner. Likewise, Plaintiffs were not present on March 5, 2016 when Grey Stafford spent "several hours at Lolita's pool." (ECF No. 130.) Further, Dr. Stafford's inspection of Defendant's facility included measurement of the tank in which Lolita is kept—something that the Defendant explicitly objected to during the Parties' negotiations concerning Plaintiffs' initial Request for Inspection. (*See* Goodman Decl. ¶ 9, Ex. D at 9.) To allow testimony or other evidence relating to Defendant's experts' observations at trial would result in tremendous prejudice to Plaintiffs as they are left without any means to dispute the information purportedly gathered thereby. Indeed, allowing Defendant to rely on such evidence would violate fundamental principles of fairness. For this reason, Plaintiffs' Motion should be granted.

///

///

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion *in Limine* to Exclude Evidence Relating to Additional Observation of Lolita by Defendant's Proffered Experts, as set forth in the Proposed Order submitted herewith, and granting any other relief the Court deems just and appropriate including fees and costs.

Respectfully submitted,

Dated: March 18, 2016          By:   s/ Paul J. Schwiep
                                      Paul J. Schwiep, FBN 823244
                                      pschwiep@coffeyburlington.com
                                      Scott A. Hiaasen, FBN 103318
                                      shiaasen@coffeyburlington.com
                                      Coffey Burlington, P.L.
                                      2601 South Bayshore Drive, PH
                                      Miami, Florida  33133
                                      Telephone:   (305) 858-2900
                                      Facsimile:    (305) 858-5261
                                      **Secondary:**   yvb@coffeyburlington.com
                                      **Tertiary:**      service@coffeyburlington.com

                                      /s/ Jared Goodman
                                      Jared Goodman (admitted *pro hac vice*)
                                      PETA Foundation
                                      1536 16th St. NW
                                      Washington, DC 20036
                                      Telephone:   (202) 540-2204
                                      Facsimile:    (202) 540-2208
                                      JaredG@petaf.org

                                      /s/ Matthew Strugar
                                      Matthew Strugar (admitted *pro hac vice)*
                                      PETA Foundation
                                      2154 W. Sunset Blvd.
                                      Los Angeles, CA 90026
                                      Telephone:   (323) 210-2263
                                      Facsimile:    (202) 540-2208
                                      MatthewS@petaf.org

/s/ Caitlin Hawks
Caitlin Hawks (admitted *pro hac vice*)
PETA Foundation
2154 W. Sunset Blvd.
Los Angeles, CA 90026
Telephone: (206) 858-8518
Facsimile: (213) 484-1648
CaitlinH@petaf.org

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE AND CONFERENCE

I HEREBY CERTIFY that on March 18, 2016, the foregoing was served by Electronic Mail upon the parties identified in the Service List. further certify that Plaintiffs have conferred with Defendant's counsel by email on March 18, 2016 and Defendant opposes this Motion in Limine.

s/ Paul J. Schwiep

**Service List**

| | |
|---|---|
| **Jennifer B. Moore, Esq.**<br>moorej@gtlaw.com<br>   *(admitted pro hac vice)*<br>GREENBERG TRAURIG, P.A.<br>Terminus 200<br>3333 Piedmont Road NE<br>Atlanta, Georgia  30305<br>Telephone:     (678) 553-2100<br><br>*Counsel for Defendants* | **James H. Lister, Esq.**<br>jlister@dc.bhb.com<br>   *(admitted pro hac vice)*<br>**Melinda L. Meade Meyers, Esq.**<br>mmeademeyers@dc.bhb.com<br>   *(admitted pro hac vice)*<br>BIRCH HORTON BITTNER &<br>   CHEROT, PC<br>Suite 1020<br>1156 Fifteenth Street, NW<br>Washington, D.C.  20005<br>Telephone:     (202) 659-5800<br><br>*Counsel for Defendants* |
| **William A. Earnhart, Esq.**<br>wearnhart@bhb.com<br>   *(admitted pro hac vice)*<br>BIRCH HORTON BITTNER &<br>   CHEROT, PC<br>1127 West 7th Avenue<br>Anchorage, Alaska  99501<br>Telephone:     (907) 263-7285<br><br>*Counsel for Defendants* | **Evelyn A. Cobos, Esq.**<br>cobose@gtlaw.com<br>**Mark S. Salky, Esq.**<br>Salkym@gtlaw.com<br>GREENBERG TRAURIG, P.A.<br>333 Southeast 2nd Avenue, Suite 4400<br>Miami, Florida  33131<br>Telephone:     (305) 579-0500<br><br>*Counsel for Defendants* |
| **Stefanie Wilson, Esq.**<br>swilson@aldf.org<br>   *(admitted pro hac vice)*<br>170 E. Cotati Avenue<br>Cotati, California  94931<br>Telephone:     (707) 795-2533<br><br>*Counsel for Animal Legal Defense Fund* | |